DORA M. PREBLE *vs.* MARY J. HIGGINS *et al.*

APRIL 14, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

(1) *Equity. Appeal and Error. Findings of Fact.*

On an appeal in equity, where the evidence was conflicting in the lower court, the findings of fact by the trial judge are entitled to great weight and will not be set aside unless they clearly fail to do justice between the parties.

(2) *Statute of Frauds. Memorandum. Name of Owner.*

It is not necessary that the memorandum of a contract for sale of lands, under the Statute of Frauds (Gen. Laws, 1909, cap. 283, § 6), disclose the name of the owner of the property if it is signed by "some other person by him thereunto lawfully authorized;" the name of the owner may be proved by parol.

(3) *Statute of Frauds. Memorandum. Agent's Authority to Sign.*

The appointment of an agent to execute the memorandum under the statute of frauds may be by parol.

*(4)   Statute of Frauds.   Oral Contract for Sale of Land.*

An oral contract for the sale of land is enforceable provided there is a sufficient memorandum in writing.

*(5)   Statute of Frauds.   Description of Property in Memorandum.*

In a memorandum of sale the real estate was described as "property sold this day—at auction—Pawtucket Ave. East Prov."

*Held*, that as the seller owned only one piece of property on Pawtucket Avenue the memorandum was sufficient under the rule that if the description can apply to but one parcel of property owned by the seller, the property can be identified by parol.

BILL IN EQUITY seeking relief on facts fully stated in opinion.   Heard on appeal of respondents and dismissed.

RATHBUN, J.   This is a suit in equity to compel specific performance of an agreement for the sale of real estate and to compel the person holding mortgages on said real estate to accept the amount due on said mortgages and to discharge the same.

After hearing by the Superior Court on bill, answer and proof a decree was entered granting complainant's prayer for relief and the case is before this court on appeal from said decree.

The real estate in question is located at No. 280 Pawtucket avenue, in the town of East Providence and was owned by respondent Joseph P. Monahan in fee subject to two mortgages amounting to $3,500, which mortgages are owned by respondent Thomas H. Higgins.   Respondent Monahan employed the firm of G. L. & H. J. Gross, real estate agents, brokers and auctioneers, to sell said real estate at public auction.   Said firm advertised widely in advance that the property would be sold at public auction "on the premises" on September 5, 1918.

At the sale on said date John B. Carpenter, a duly licensed auctioneer for the town of East Providence, acted as the licensed auctioneer, but James H. Hurley of said firm received the bids.   The property was struck off to the complainant free from all incumbrances for $3,820, which sum was the highest amount bid at the sale.   Thereupon in

accordance with the terms of said sale the complainant paid to said Hurley $191, which sum was 5% of the purchase price, and received the following receipt:

"G. L. & H. J. GROSS

    Union Trust Company Building,

        Providence, R. I. Sept 5th 1918

Received of Dora M. Preble

    One hundred ninety one Dollars

on account of purchase price of property sold this day at Auction—Pawtucket Ave. East Prov.   price $3820.00

                    G. L. & H. J. GROSS

$191.00                       by James H. Hurley"

Auctioneer John B. Carpenter made and signed in his auction book a memorandum containing the terms of sale, a complete description of the real estate, the purchase price and the complainant's name as purchaser.

In accordance with the terms of sale the complainant, on September 23, 1918, tendered the balance of the purchase price to G. L. & H. J. Gross and asked for a warranty deed. On or about said date G. L. & H. J. Gross delivered the keys of the house in question to the complainant, who moved her furniture into the house and has ever since retained possession of the property. The respondent Monahan refused to convey to the complainant and on November 13, 1918, conveyed said real estate to respondent Mary J. Higgins, wife of respondent Thomas D. Higgins. Thomas D. Higgins and wife, Mary J. Higgins, were each present at the auction sale and each knew that the complainant was declared by the auctioneer to be the purchaser.

It is agreed that respondent Monahan authorized the firm of G. L. & H. J. Gross to sell the real estate in question at public auction. One of the issues in the Superior Court was whether said Monahan authorized said firm to sell regardless of price to the highest bidder; or, to sell for a price not less than $5,500. Another issue was whether

respondent Mary J. Higgins was an innocent purchaser. On the former issue the evidence was sharply conflicting. All of the testimony on the latter issue was to the effect that Mary J. Higgins was not an innocent purchaser. The presiding justice found that said firm was authorized to sell without reserve to the highest bidder and that Mary J. Higgins was not an innocent purchaser.

(1) This court has frequently held that when the evidence is conflicting the findings of fact by the trial judge sitting without a jury are entitled to great weight and will not be set aside unless such findings clearly fail to do justice between the parties. See *Blomen, Frederickson* v. *N. Barstow Co.*, 35 R. I. 202; *Raferty* v. *Reilly*, 41 R. I. 50.

After a careful examination of the evidence we are satisfied that the findings of fact are justified.

The respondents contend that the memorandum signed by G. L. & H. J. Gross does not satisfy the requirements of the Rhode Island statute of frauds (Sec. 6, Chap. 283, G. L. 1909), which in part is as follows: "Sec. 6. No action shall be brought:—First. Whereby to charge any person upon any contract for the sale of lands, tenements, or hereditaments . . . Unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

Respondents contend that said memorandum is insufficient to meet the requirements of said statute of frauds because said memorandum does not state the name of the seller and also because, as they contend, said memorandum does not contain a sufficient description of the real estate.

(2) The memorandum is not the agreement on which the complainant brings suit. It is only a memorandum of the agreement. The statute does not require the agreement to be in writing provided there is a note or memorandum of the agreement sufficient to meet the requirements of the statute. The language is "unless the promise or agreement

upon which such action shall be brought, or some note or memorandum thereof shall be in writing," &c.   According to the great weight of authority, both in this country and in England, it is not necessary that the memorandum disclose the name of the owner if it is signed by "some other person by him thereunto lawfully authorized."   The name of the owner may be proved by parol.   In a few states the statute requires that the agent be authorized in writing to bind his principal but in this state and in most jurisdictions the agent's appointment may be by parol.

(3)

In *Thayer* v. *Luce*, 22 Ohio St. p. 78, the court used the following language:   "The statute of frauds does not change the law as to the rights and liabilities of principals and agents, either as between themselves, or as to third persons. The provisions of the statute are complied with, if the names of competent contracting parties appear in the writing, and if a party be an agent, it is not necessary that the name of his principal should be disclosed in the writing.   Indeed, if a contract, within the purview of the statute, be made by an agent, whether the agency be disclosed or not, the principal may sue or be sued as in other cases," citing 7 Taunt. 295.   24 N. Y. 57.

In *Williams* v. *Bacon and others*, 2 Gray, 387, the defendants were coal merchants doing business in Philadelphia and had an agent in Massachusetts who wrote the plaintiff confirming an oral agreement between the agent and the plaintiff for the sale and purchase of coal.   The letter which was relied on as a memorandum did not state the name of the agent's principal but contained all of the terms and conditions of sale.   Omitting the introduction, the letter commenced as follows: "I have agreed to sell you," &c., and was signed by the agent.   In an action against the defendant for refusing to deliver the coal it was held that the letter was a memorandum sufficient to comply with the statute of frauds and that the identity of the principal could be shown by parol.

The plaintiff in *White* v. *Dahlquist Mfg. Co.*, 179 Mass. 427, purchased two parcels of real estate at the same auction sale and the following memorandum as to one parcel was signed by the auctioneer: "South Boston, November 22, 1898. I Hereby Acknowledge, That James M. White has been this day declared the highest bidder and purchaser of a certain piece or parcel of land with building thereon" (describing the real estate) "for the sum of Twenty-seven Hundred Dollars; and that he has paid into my hands the sum of One Hundred Dollars, as a deposit, and in part payment of the purchase money; and I hereby agree that the vendor shall in all respects fulfil the conditions of sale. John Hogan." To the above was appended a promise by the plaintiff signed by him wherein he agreed to pay the balance of the purchase price on or before a date specified. The only memorandum as to the other parcel was a receipt given by the auctioneer, as follows: "Nov. 23d 1898. Received of James M. White One hundred dollars deposit on sale by auction of No. 40 Third street, South Boston, John Hogan." The court, holding that each memorandum, although neither named the vendor was sufficient to satisfy the statute of frauds, said: "It is not always necessary that the memorandum should name or describe the owner. Where, as in a case like this, it is signed by a person who is in fact an agent and acting as such, the existence and identity of the principal may be proved by parol, and he may sue or be sued upon the contract," citing *Williams* v. *Bacon*, 2 Gray, 387; *Lerned* v. *Johns*, 9 Allen, 419; *Gowen* v. *Klous*, 101 Mass. 449. See also 20 Cyc. 275 and cases cited under note 94.

*City of Providence* v. *Miller*, 11 R. I. 272, cited by the respondents, was a bill in equity for specific performance of a written contract under seal for the sale of land. The contract purported to be an agreement between the respondents, parties of the first part, and Thomas A. Doyle "in behalf of the city of Providence" party of the second part. The contract was signed by the parties of the first

part and Thomas A. Doyle, respectively. On demurrer to the complaint the court said: "The contract in the case at bar is under seal, and the cases are numerous which hold that a deed or contract under seal made by an agent does not bind the principal unless it is made in the name of the principal, and that it is not enough for the agent to declare in the instrument that he makes it as the agent of his principal, and to add to his signature words expressive of the same thing." This was not an oral contract supported by a written memorandum to meet the statute of frauds. The contract was in writing and was complete in itself and the suit was brought on the written contract. No question as to the sufficiency of a written memorandum was considered by the court. The case is not in point. The court sustained the demurrer for the reason that the city of Providence was not a party to the written contract under seal.

*Bourne* v. *Campbell*, 21 R. I. 490, also cited by respondents, is similar to *City of Providence* v. *Miller, supra,* and is not in point.

In *Shaw* v. *Finney,* 54 Mass, 453, cited by respondents, the principal's agent, without intimating that he was acting for another, made an oral contract to purchase fish. The agreement was within the statute of frauds. The plaintiff's agent, Hathaway, wrote in his own book the terms of the agreement between himself and the defendant. The memorandum was held not sufficient for the reason that it was not signed by the defendant or his agent. The court did say "If the defendant had himself signed the first memorandum, he would not have been liable in this action by the plaintiffs; for the contract was, in terms, a contract with Hathaway."

(4) The statute of frauds does not require contracts for the sale of land to be in writing. An oral contract for the sale of land is enforceable provided there is a sufficient memorandum in writing. When the parties to an agreement for the sale of land reduce their agreement to writing, in other words, enter into a written contract they are of course bound by the terms of their written contract and if the legal

effect of the language employed in the written contract is to bind the agent, courts, in many cases, have very properly refused to admit proof to vary the terms of such contract to the extent of substituting a new party to the contract.

In the case at bar there was no misunderstanding as to who the contracting parties were. It is not contended that there was any concealment, fraudulent or otherwise, as to the identity of the principal for whom the agent acted. The parties did not enter into a written contract. The receipt signed by G. L. & H. J. Gross by James H. Hurley is but a memorandum of the oral contract. It is a memorandum signed by the agent of the party sought to be charged and, as we have stated above, the identity of the agent's principal can be shown by parol.

(5) We will now consider whether the real estate is described with sufficient definiteness in the receipt given for 5% of the purchase price. The receipt names the purchaser. It is signed by the vendor's agent and it states the purchase price. The real estate is described as the "property sold this day" (Sept. 5, 1918) "at Auction—Pawtucket Ave. East Prov." The rule is that a description is sufficient to meet the requirements of the statute of frauds if the description can apply to but one parcel of property owned by the seller, the property may then be identified by parol. But the description is insufficient if it applies equally well to more than one parcel of property owned by the seller. See Wood on Statute of Frauds, 681, Para. 353.

In *Hurley* v. *Brown*, 98 Mass. 545, the receipt for a part of the purchase price, signed by the respondents, who were the sellers, was as follows: "Lynn, April 14, 1866, $50. Received of John and Michael Hurley the sum of fifty dollars in part payment of a house and lot of land situated on Amity Street, Lynn, Mass. The full amount is $1,700. This bargain to be closed inside of ten days from date hereof." The respondents owned but one house and lot on Amity street and the court, holding the above description to be sufficiently definite to satisfy the statute of frauds,

said: "The supposed uncertainty having been created by parol, evidence of the same character may be resorted to for its removal. But, without relying much upon this consideration, we regard the fair construction of the words used to be, that they relate to a house and lot owned, at the time the memorandum was signed, by the parties who subscribed it." To the same effect see *Scanlon* v. *Geddes*, 112 Mass. 15; *Ryder* v. *Loomis*, 161 Mass. 161.

In *Giles* v. *Swift*, 170 Mass. 461, it not appearing that the seller, who signed the memorandum, owned more than one estate in S., or that there was any difficulty in identifying it, the description "a certain parcel of land lying in S. aforesaid, being bounded by the F. railroad, W. Street, and by land of other persons, now to us unknown, and containing about six and ½ acres," was held sufficient to satisfy the statute of frauds.

It is not contended that Monahan owned more than one parcel of property on Pawtucket avenue or that he owned on Pawtucket avenue more than one parcel of property which was sold at public auction on September 5, 1918. The auctioneer, as required by law, made a return of the sale and this return is a public record. There can be no possible confusion or uncertainty as to the identity of the property referred to in the receipt for a part of the purchase price; and said receipt is a memorandum sufficient to meet the requirements of the statute of frauds.

Having arrived at this conclusion it becomes unnecessary to determine whether auctioneer John B. Carpenter, who was apparently employed by G. L. & H. J. Gross Co., had authority to bind Monahan or to determine whether part payment and occupancy by complainant takes the contract out of the statute of frauds.

The respondents' appeal is dismissed, the decree below is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Curtis & Ball, Adolph Gorman,* for plaintiff.
*Thomas P. Corcoran,* for defendant.