WILLIAM KADOW, APPELLANT, v. CHARLES J. CRONIN
AND CORNELIA E. CRONIN, RESPONDENTS.

Argued November 18, 1921—Decided March 6, 1922.

A vendee of real estate to be conveyed clear of encumbrance has no
    right to repudiate his contract because the vendor has not paid
    off encumbrances before the time fixed for settlement.   All that
    such vendee is entitled to is to have the encumbrances removed
    at the time of settlement, and the fact that such encumbrances
    are to be satisfied at the settlement out of the purchase-money
    to be then paid by him instead of out of other funds, is a matter
    in which he has no legal concern.

On appeal from the Supreme Court.

For the appellant, *E. A. & W. A. Schilling.*

For the respondents, *Riker & Riker.*

The opinion of the court was delivered by

WHITE, J.   This was a suit in the First District Court of
Newark to recover the deposit money (and expenses) on a
contract for the purchase by the plaintiff of certain real
estate which defendants contracted to convey clear of encum-
brance.   When the specified extended time for settlement
arrived, the parties met at the stipulated place, the office of a
lawyer in Irvington, but found the office closed.   Plaintiff
asked defendants if they had paid and had satisfied of record
the building association mortgage against the property, and
defendants said they had not, but that such mortgage was to
be paid off at the settlement out of the purchase-money; and
at the trial it appeared that they had in fact arranged for
the duly-authorized officer of the building association to
attend the settlement, receive payment and satisfy the mort-
gage.   Plaintiff, however, refused to pay the purchase-money
unless the mortgage was first satisfied.   Defendants tendered
a duly-executed deed, which tender plaintiff refused to ac-

cept. Plaintiff did not tender the purchase-money, although his lawyer testified at the trial that such money was ready to be paid if the mortgage had been first removed.

The District Court gave judgment in favor of the defendants on the ground—first, that the circumstances indicated that the plaintiff was not acting in good faith, and did not in fact have the money with which to pay for the property, and second, that it was a custom to make what are known as "three-cornered" settlements of real estate sales—that is, settlements where not only the vendor and the vendee attend, but also holders of encumbrances, and at which the purchase-money and the executed deed are produced and the encumbrances paid and satisfied out of the purchase-money and the balance paid over to the vendor and the deed delivered to the vendee, all as parts of one transaction. The Supreme Court affirmed this judgment on the first ground above stated.

We think the controlling question is, Was the plaintiff under the circumstances here involved entitled to repudiate his contract to purchase? and we are of opinion that he was not. Of course, the plaintiff was not under any obligation to accept title to the real estate with the lien of the unsatisfied mortgage remaining against it and to trust to the promise of the vendor to pay it off afterward; but, on the other hand, neither were the defendants under any obligation to procure the satisfaction of the mortgage prior to the time of settlement. If the mortgage was properly paid off and satisfied at the settlement, that was all that the plaintiff was entitled to, and it was immaterial to him whether the payment was made out of the purchase-money paid by him at the settlement or out of other funds. The suggestion that the plaintiff was entitled to have the payment and satisfaction made before he paid the purchase-money is very much the same as a claim that a vendor must deliver a deed and possession of the property before the purchaser is bound to pay the purchase price, which is clearly not the law. If each party were required to do his part before the other did his, obviously, there could never be a settlement if both parties stood upon their rights. What each party is entitled to is that the other shall perform

at the same instant of time that he does, and in contemplation of law that is exactly what takes place at every real estate settlement, although in fact the details of the settlement may occupy one or more hours or even days in the complete performance. This is the theory upon which all so-called "three-cornered" settlements rest, and it is sound in principle as well as essential in practice. It does not depend for its validity upon custom.

When, therefore, the parties in this case met in pursuance of their extended agreement and found the lawyer's office closed, so that the prearranged plan to call up the secretary of the mortgagee building association and have him attend the settlement and accept payment of and satisfy the mortgage, was temporarily thwarted without fault of either party, we think the plaintiff did not thereby acquire a right to forthwith repudiate his contract, but that he was in duty bound to co-operate to a reasonable extent with defendant's evident purpose to carry through the settlement in good faith. The lawyer could have been sent for, or the parties might have repaired to the building association secretary's office and there made the settlement and paid off the mortgage, or some other reasonable expedient might have been adopted to overcome the unexpected mishap. In stead of this the plaintiff elected to stand upon what he conceived to be his legal rights to repudiate his contract, because the mortgage had not been paid off and satisfied before the settlement, and, as we think, for the reasons hereinbefore stated, that he had no such legal right, the judgment of the Supreme Court affirming the judgment of the District Court in defendants' favor is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Swayze, Parker, Bergen, Black, Katzenbach, White, Heppenheimer, Williams, Gardner, Ackerson, Van Buskirk, JJ. 13.

*For reversal*—None.