[No. 3429.   July 16, 1930.]

FARMERS' COTTON FINANCE CORPORATION
v. GREEN.

[290 Pac. 739.]

See also 279 P. 562.

Edward D. Tittmann, of El Paso, Tex., for appellant.

J. F. Park, of Las Cruces, for appellee.

OPINION OF THE COURT

SIMMS, J.

The plaintiff, Farmers' Cotton Finance Corporation, as mortgagee of two crops of cotton and other chattels, brought suit in replevin against the mortgagor, alleging that its indebtedness was past due and unpaid, and that the defendant had unlawfully disposed of certain cotton

covered by the mortgages, and in other respects had breached their conditions. The defendant, by way of answer and counterclaim, denied the allegations of the complaint in toto and further set up, as a defense to replevin of the cotton on the so-called Renn place, the assertion that Renn had rented the place to the defendant under a lease which was exhibited as part of the answer, and that, under the terms of the lease, the cotton crop was not the sole property of the defendant but belonged to him and Renn, his landlord, as tenants in common, and that until a division was made and the landlord's share was set aside (which had not been done), the plaintiff, as a mortgagee of the tenant, could not replevy the crop. Whether the plaintiff considered this defense as merely an amplification of the general denial in the answer does not appear, but in any event the plaintiff did not reply to or make denial in any way of these allegations of the defendant's answer and counterclaim. Thereupon the defendant moved for judgment on the pleadings as to the cotton on the Renn place on the ground that the allegations, not being denied by the plaintiff, stood admitted. The court granted this motion and sent to the jury the question of the value of the cotton replevied by plaintiff from that place, and a verdict was rendered for the defendant on this branch of the case. As to the cotton and property on the other or so-called "home place," the case went to the jury on the evidence and resulted in a verdict for the defendant, assessing the value of the property seized by the plaintiff, which has appealed from the judgment entered on these verdicts.

The first question for consideration is as to the correctness of the judgment on the pleadings. By setting up his lease with Renn as a part of his answer, the defendant was bound by the legal effect of the instrument he had pleaded. Its form was the ordinary one in use for renting a private dwelling or other building, and it was manifestly not prepared for use as an agricultural lease. But that it was a lease and not a hiring or crop-sharing agreement is not open to question. The tenant was given possession and control of the premises for the term; the usual covenants against subletting or assigning were in-

serted; rent was reserved payable in cotton, the amount to depend on the price prevailing on a stipulated date; and in many other ways the nature of the agreement as one be-- tween landlord and tenant was unmistakably shown. Such being the legal effect of the instrument, title to the crop was in the tenant subject to a landlord's lien for rent. 36 C. J. "Landlord and Tenant," pars. 1915, 1938, and cases cited. And the existence of the landlord's lien for rent was no bar to the right of the mortgagee to replevy after condition broken, although it would, of course, take subject to the lien. 23 R. C. L. "Replevin," par. 90; 34 Cyc., "Replevin," p. 1416; Rankine v. Greer, 38 Kan. 343, 16 P. 680, 5 Am. St. Rep. 751; McGill v. Howard, 61 Miss. 411; Burns v. Lidwell, 6 Mo. App. 192; Laughlin v. Thompson, 76 Cal. 287, 18 P. 330, 331; Conrad Merc. Co. v. Siler, 75 Mont. 36, 241 P. 617, 618.

The allegations made by the defendant as to the effect of the lease on the title to the crop were not allegations of fact but mere conclusions of the pleader, which were destroyed by the terms of the lease itself. Titsworth v. Analla, 25 N. M. 631, 186 P. 1079. Since the lease presented no obstacle to or defense against replevin of the Renn cotton, the answer, setting up the lease, thereby stated no defense, and a motion for judgment on the pleadings in favor of the defendant should not have been granted. Williams v. City of Tucumcari, 31 N. M. 533, 249 P. 106.

There are other errors alleged by appellant. In view of the conclusion we have reached, it will not be necessary to discuss them. We have been concerned as to whether we should reverse only so much of the judgment as applies to the Renn cotton and affirm the balance of the judgment, or reverse the entire judgment and remand the whole case for a new trial. Under the circumstances, it is within our discretion to take either course. 4 C. J. "Appeal and Error," par. 3234. The action was one proceeding. The testimony which will be necessary to retry the matter of the Renn cotton will be in substance the testimony necessary to retry the whole case. Nothing will be saved in time or labor by limiting the hearing to one lot of cotton instead of two. There are facts and circum-

stances in the record which cause us to believe that the ends of justice will probably be better served by a new trial on the whole matter.

For the reasons stated, the judgment should be reversed, and the cause should be remanded for a new trial on the whole case, and it is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.