191 P.2d 352

**ADAMS et al. v. COX.**

No. 5063.

Supreme Court of New Mexico.

March 15, 1948.

Frazier & Quantius, of Roswell, for appellants.

A. B. Carpenter, of Roswell, for appellee.

McGHEE, Justice.

The plaintiffs appeal from an order dismissing their amended complaint seeking damages for the claimed breach of a contract to sell them the Lighthouse Laundry and two lots in Roswell, New Mexico.

The amended complaint, omitting the formal parts, reads:

"1. That the parties hereto are all residents of Chaves County, New Mexico.

"2. That heretofore on January 11th, 1947, the parties hereto entered into a certain written contract covering the sale and purchase of the Lighthouse Laundry and equipment and the real estate where said Lighthouse Laundry is located in the City of Roswell, New Mexico, as will more fully appear from copy thereof attached hereto, made a part hereof and marked Exhibit 'A'. As part of the sale agreement, it was verbally agreed between the parties that the $12500.00 to be paid in cash upon completion of abstract title, etc., was to be raised in part by a first mortgage upon the property being purchased by plaintiffs from defendant, which mortgage was to be in the sum of $7500.00 and that defendant was to be secured by a second mortgage for the sum of $7500.00 upon said property, payable as provided in Exhibit 'A'; that plaintiffs purchased said property for operation as co-partners.

"3. That in pursuance of said agreement the parties hereto arranged for the Equitable Building & Loan Association of Roswell, New Mexico, to loan to plaintiffs the sum of $7500.00, to be secured by first mortgage upon the property being purchased, it being further arranged that Irene Adams would sell certain real estate for the sum of $5000.00, thus making a total of $12500.00 in cash to be paid to defendant, pursuant to the contract, and defendant would be secured by a second mortgage on the property for the balance of $7500.00, as agreed; that Irene Adams did sell her said property for $5000.00, and thereafter the parties hereto met in the office of the Equitable Building & Loan Association on or about January 16th, 1947, ready to close the transaction and fully perform under their contract, but defendant thereafter refused to comply with his contract and agreement to accept a second mortgage covering the sum of $7500.00, to be payable at the rate of $200.00 per month, with 6% interest; thus breaching the contract and agreement; that defendant thereafter and subsequent to said breach, proposed a new arrangement with plaintiffs whereby $12500.00 would be paid to him in cash, and the balance secured by a first mortgage in his favor, well knowing that plaintiffs could not meet such requirements, and plaintiffs could not, and did not, agree to such new proposal.

"4. That by the acts and conduct of defendant, aforesaid, he is estopped to dispute his agreement and contract with plaintiffs.

"5. That on and about January 11th, 1947, the property involved was reasonably worth the sum of $22500.00, and plaintiffs have been damaged in the sum of $2500.00 as the direct and proximate result of defendant's refusal to perform his said obligations.

"6. That the net income from the property being purchased on January 11th, 1947, and thereafter, was, and is, the sum of $1000.00 per month; that plaintiffs were ready, willing and able to comply with their purchase agreements, and take possession of the property on or about January 16th, 1947, and as the direct and proximate result of defendant's failure to perform his said obligations they have been damaged in the sum of $1000.00 per month beginning with January 16th, 1947.

"7. That plaintiffs incurred expense of $25.00 in order to procure the loan from the Equitable Building & Loan Association, and are proximately damaged in said sum by defendant's failure and refusal to perform."

### Second Cause of Action

"1. She adopts Paragraphs 1, 2, 3 and 4 of the First Cause of Action, by reference as fully and effectively as if set forth in the second cause of action in full.

"2. That plaintiff, Irene Adams, borrowed the sum of $200.00 from the First National Bank of Roswell to make the escrow payment provided by the contract, and became obligated to pay interest at 8% per annum thereon from January 11th, 1947, to her damage in the sum of $4.00 due to defendant's failure to perform as aforesaid.

"3. That plaintiff, Irene Adams, in haste and sacrifice, sold property of the reasonable value of $6000.00 for the sum of $5000.00, in order to carry out her contract with defendant, and thereby sustained damages in the sum of $1000.00 as the direct and proximate result of defendant's refusal to perform as aforesaid; that defendant well knew that she was making such sale in order to raise the funds required by the purchase agreement."

Exhibit "A" (To Complaint),
Wayne Adams
Real Estate
Farms—Ranches—Homes
Roswell, New Mexico
Escrow Contract

"1. Contract Agreement—

I or we Virgil Adams hereby agree to purchase from P. H. Cox under the terms of this contract the following described property—Lighthouse Laundry with all equipment complete together with two city lots 100 x 168 ft.

"2. Down Payment $200.

"3. Total Payment $20000.

"4. Terms $12500. upon completion of abstract title, etc. balance paid at rate of $200. per month until paid in full.

"5. Interest rate 6%

"6. Taxes, Rent Etc. Bills paid up in full upon possession.

"7. Date of Possession Upon approval of abstract title & deed by purchasers.

"8. Real Estate Commission—Sellers agree to pay usual commission from earnest money or money derived from this sale.

"9. Mineral & Water Rights * * *

"10. Remarks * * *

|  | Seller /s/ Perry H. Cox |
| Buyer /s/ Irene Adams | Buyer /s/ Virgil Adams |
|  | Escrow Agent /s/ Wayne Adams |
| Buyer /s/ Bill Adams | Date Jan. 11, 1947" |

The motion to dismiss states the following grounds:

### Motion to Dismiss

"(1) That said complaint, together with the exhibit attached thereto, shows on its face that the plaintiffs have not set out facts sufficient to entitle them to any relief as against this defendant.

"(2) That said complaint seeks to set up a breach of a verbal agreement to sell real estate, on which complaint the plaintiffs are entitled to no relief at law.

"(3) That there is a misjoinder of causes of action, one of which all three plaintiffs claim to have an interest and a common cause, as set forth in the first cause of action and in the second cause of action, in which only one of the plaintiffs have any right or claim as against this defendant, and, therefore, constituting a misjoinder of the parties plaintiff as to the second cause of action and a misjoinder of causes of action as to the entire Amended Complaint.

"(4) For the further reason that the purported written contract sued on is insufficient and does not contain the elements necessary and vital to a valid and enforceable contract, and, by reason thereof, no cause of action can be based thereon, and same is unenforceable.

"(5) For the further reason that the plaintiffs wholly fail to set out any breach or violation of the written agreement in their amended complaint."

The order sustaining the motion to dismiss did not specify the paragraphs the court believed good, but from the briefs we take it the action was based on the matters hereafter discussed.

We begin our consideration of this case mindful of the rule in Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273, that a motion to dismiss is properly granted only when it appears that under no state of facts provable under the claim could plaintiffs recover or be entitled to relief.

Tested by this rule, we are of the opinion that the action of the court as to the second cause of action was correct. The appellants say nothing in its behalf in their briefs.

It is stated in the brief of appellee that the amended complaint fails to state a cause of action for the reasons:

(a) That the contract was partly in writing and partly oral, and that it is not alleged that there was any consideration for the making of the contract.

It is true that in Flores v. Baca, 25 N.M. 424, 184 P. 532, it is held that where parol evidence is required to complete the contract it is to be regarded as an oral or verbal contract, and that the pleader must allege a consideration in order to state a cause of action. That case, however, cannot control here for it is stated in Exhibit A that there was a down payment of $200.00. The appellee seeks to destroy that fact because of the allegation in the second cause of action that one of the appellants borrowed $200.00 to put in escrow, and he says it is thus established that such payment was not made. In the event of a variance between the allegations and the exhibits the latter control. Titsworth Co. v. Analla, 25 N.M. 628, 186 P. 1079; Farmers' Cotton Finance Corporation v. Green, 35 N.M. 84, 290 P. 739; Town of Farmington v. Mumma, 35 N.M. 114, 291 P. 290. This point is ruled against the appellee.

Is the written memorandum, Exhibit A, sufficient under the Statute of Frauds?

A written memorandum must contain a sufficient description of the land, or furnish the means or data within itself which points to evidence that will identify it. Pitek v. McGuire, et al., 51 N.M. 364, 184 P.2d 647, 655, and cases therein cited.

The principal attack upon the memorandum by the appellee is the claimed insufficiency of the description "Lighthouse Laundry with all equipment complete, together with two city lots 100 by 168 feet." The memorandum does not state by its terms the city, county or state where the property is located.

The annotator in 68 A.L.R. '59 says: "Whenever land is described by a particular name or designation, such as 'home farm,' 'mill spot,' 'the A. Place,' etc., it appears to be uniformly held that parol evidence is admissible to show what land is so designated, and thus to identify the tract intended to be conveyed."

The case of Krueger v. W. K. Ewing Co., Tex.Civ.App., 139 S.W.2d 836, involved a contract of sale of property described only as "San Gabriel Apartments" and cites and quotes from a number of cases involving contracts for the sale of lands by name instead of description, and also covers the omission of city, county and state. We copy the following from page 839 of 139 S.W.2d.

"It is an obvious principle that a grant must describe the land to be conveyed, and the subject granted must be identified by the description given in the instrument itself,

or by other writings referred to. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705; Francis v. Thomas, 129 Tex. 579, 106 S.W. 2d 257; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064. The above cases are examples of contracts where parties sought to describe the property by lot and block, numbers of acres, metes and bounds or boundaries, but there was not sufficient description in the contract to distinguish the property by extrinsic evidence from other real estate. But a contract, we think, may also sufficiently describe property by its common or particular name by which it is known in the locality where situated. 25 Ruling Case Law, p. 654; 18 Corpus Juris, p. 181, where it is said: 'The office of a description is not to identify the land, but to afford the means of identification, and when this is done, it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification. A conveyance is also good if the description can be made certain within the terms of the instrument.'

"This court applied the above rule in the case of Crawford v. El Paso Land Improvement Company, Tex.Civ.App., 201 S. W. 233, where the contract was to convey the Angelus Hotel. See also Cunyus v. Hooks Lumber Co., 20 Tex.Civ.App. 290, 48 S.W. 1106, where the land described was 'Vanmeter Survey,' and no town, county or state was included in the description. It was held a sufficient description under the statute of frauds (Vernon's Ann.Civ.St. art. 3995). Dyer v. Winston, 33 Tex.Civ. App. 412, 77 S.W. 227, where the land was described as the 'Triangle or Cutoff pasture'; Bates v. Harris, 144 Ky. 399, 138 S.W. 276, 36 L.R.A.,N.S., 154; Henry v. Black, 210 Pa. 245, 59 A. 1070, 105 Am.St. Rep. 802, land described 'Hotel Dubuque,' suit specific performance, description held sufficient.

"From the date line of 'San Antonio, Texas,' it may be presumed that the property was located in San Antonio, Texas. Taylor v. Lester, Tex.Civ.App., 12 S.W 2d 1097; Easterling v. Simmons, Tex.Civ. App., 293 S.W. 690, writ of error refused, the deed did not state the city, county or state where the land was located. See also Sanderson v. Sanderson, Tex.Civ.App., 82 S.W.2d 1008; Petty v. Wilkins, Tex.Civ. App., 190 S.W. 531."

The case of Armijo v. New Mexico Town Co., 3 N.M. (Gild.) 427, 5 P. 709, 711, involved a deed in which the property was described as " 'A tract or parcel of land situated and being in the county of Bernalillo, Territory of New Mexico, known as the place where Jesus Maria Martin resided, being one hundred and thirty-seven yards, from north to south, wide, containing about ——— acres, bounded on the south by the lands of Christian Armijo, and on the north by the lands of M. Lopez.' "

The territorial court held that the deed was not void, that parol evidence was admissible to identify the premises in dispute and connect them with the deed, saying that the parol evidence identifies the subject upon which the deed operates, and then the estate passes by force of the deed.

In Garcia v. Pineda, 33 N.M. 651, 275 P. 370, we, on the authority of the Armijo case, supra, held the following description was sufficient to permit of identification of land and the passing of title: " 'A small sod house composed of two small rooms and a small hallway, which have been erected upon the locality which corresponds with property of Antonio Silva, and which house I have sold together with the little courtyard (chorreras) as specified in this present document. First, on the south side a courtyard of ten varas; on the east seven and a half varas; on the north three varas; and west to the line which is the old public wagon road.' "

■ From the date line of Roswell, New Mexico, in the written memorandum, it may be presumed that the property was located in Roswell, New Mexico. Krueger v. W. K. Ewing Co., supra, and cases therein cited. We may also presume that the two city lots are the ones on which the laundry is situated or a part of the laundry premises. If not, then of course appellants' cause of action must fail as the sales contract was an entire one and not for just a part of the property.

This point is also ruled against the appellee.

Was the failure of the appellants to tender the cash payment of $12,500 as called for by the memorandum, Exhibit "A", excused by the refusal of the appellee to allow the property to be mortgaged for $7,500 as set out in paragraph 3 of the amended complaint?

■ The written memorandum states that $12,500 was to be paid in cash and the remainder in monthly installments of $200 and says nothing about security, while the appellants plead that it was orally agreed that the appellee would take a second mortgage for the balance and that he had verbally agreed that the property might have a first mortgage put on it to secure the Equitable Building & Loan Association for $7,500 of the cash payment. Much is said in the briefs as to whether this claimed oral agreement could be shown, but we will not decide this point. If such evidence is not admissible and the written memorandum is to control, then the appellee could not claim security for the deferred payments, nor could he object to a mortgage of the property by the appellants.

We think that the following from 3 Williston on Contracts, Rev.Ed., Sec. 881, is applicable to the facts as pleaded in this case: "It must generally be true that if one party to a contract is unable to perform unless he first receives performance from the other party which, by the terms of the

contract, is not due until the same time that his own performance is due, he cannot recover, and if he has indicated his inability to the other side, will be liable himself without the necessity of a tender. This is more clearly true when the inability relates to a performance to be rendered prior to the counter-performance. Where, however, the respective obligations are concurrent other considerations may enter. * * * All that should be necessary for the plaintiff's case is to prove that he would have been able to carry through the transaction concurrently with the defendant. If one who has contracted to buy land has but half the agreed price, but can make arrangements to borrow the remainder on the security of the land to be conveyed, there is no practical difficulty in carrying out the transaction at one instant. *The mortgage can be drawn from the buyer to the lender before the land is conveyed; then if the buyer and seller and lender meet at the same place, the seller can be paid his money while simultaneously he delivers a deed to the buyer, and the buyer delivers a mortgage to the lender.* In the same way if the buyer's money is needed to free the title which the seller must offer, a simultaneous execution of the transaction is possible if the person holding the title or encumbrance is willing to aid the seller in carrying out the bargain, and this should be held to be sufficient. The question should be dealt with purely as one of fact. Could the plaintiff have performed concurrently with the defendant? The mere fact that the plaintiff needed the assistance of a third person to enable him to do this is not proof that he could not do it. * * *" (Our emphasis.)

One of the cases cited in support of the above quoted text is Kadow v. Cronin, 97 N.J.L. 301, 116 A. 427, 428, and it strongly supports the position of appellants. It states, among other things: "What each party is entitled to is that the other shall perform at the same instant of time that he does, and in contemplation of law that is exactly what takes place at every real estate settlement, although in fact the details of the settlement may occupy one or more hours or even days in the complete performance. This is the theory upon which all so-called 'three-cornered' settlements rest, and it is sound in principle as well as essential in practice."

This point is likewise ruled against the appellee.

█ Misjoinder is not grounds for dismissal. Rule 21, 1941 Comp. § 19-101(21).

The judgment will be reversed as to the first cause of action and affirmed as to the second cause of action, and the case remanded to the district court for further proceedings in accordance with the views herein expressed, and It Is So Ordered.

BRICE C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.