327 P.2d 301

**Talmadge F. RAY, Appellant,**

v.

**Homer C. JONES, Appellee.**

No. 6373.

Supreme Court of New Mexico.

June 30, 1958.

McAtee, Toulouse & Marchiondo, Paul A. Phillips, Albuquerque, for appellant.

H. W. Atkins, Gallup, for appellee.

LUJAN, Chief Justice.

Plaintiff-appellant filed this action in the district court of McKinley County asking for specific performance of an alleged oral contract to convey real property.

The complaint alleged that defendant-appellee "was the owner in fee of certain real property located in Section 34, Township 13 North, Range 12 West, N.M.P.M., McKinley County, New Mexico." The complaint further alleged that on or about March 6, 1956, Defendant orally agreed to sell such premises to the plaintiff for $4,500, payable $250 down and $50 per month. Defendant gave plaintiff a written memorandum of the oral agreement, a copy of which was attached to the complaint. At the same time plaintiff gave defendant a post-dated $250 check. This check bore the notation "Down Payment on ¼ section in T 13 N, R 12 W."

Plaintiff alleged that on or about June 1, 1956, defendant notified him that he would not carry out the terms of the agreement or receive any further payments. Sometime after June 14, 1956, defendant returned the $250 check and three $50 checks to plaintiff.

Defendant answered the complaint by way of a general denial and affirmatively raised the Statute of Frauds as a defense.

At the conclusion of plaintiff's case, defendant's motion to dismiss was granted.

The evidence in this case is not convincing that the parties ever came to a meeting of the minds as to what and how much property was to be conveyed. Assuming however that the parties did orally agree to the purchase and sale of specific property, the basic question is whether the description of the property contained in the memorandum of the oral contract is sufficient to satisfy the English Statute of Frauds in force in this jurisdiction. Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378.

Unless such a memorandum contains the essential terms of the transaction, the writing does not comply with the Statute of Frauds, Pitek v. McGuire, 51 N.M.

364, 184 P.2d 647, 1 A.L.R.2d 830. One such essential term is that the memorandum contain a sufficient description of the land to be conveyed *or furnish the means or data within itself which points to evidence that will identify the property.* Adams v. Cox, 52 N.M. 56, 191 P.2d 352; Pitek v. McGuire, supra; see extensive annotation in 23 A.L.R.2d 6.

The memorandum in question reads as follows:

"This 3/6/56 I have agreed to sell all for ¼ section 34–T–13 N R 12 W. NMPM McKinley County Property of Homer C. Jones and others Per servy Robert S. Harris March 12–1951 Less lots already sold and lot where T. M. Jones Cabin sets and lot top ridge about 250 ft South West T. M. Jones Cabin for Amt 4500.00 $250.00 down and 50.-00 monthly. Total Forty five Hundred

s/ Homer C. Jones"

Appellant views the case as one involving only the sufficiency of the description of excepted parcels. He urges that where exceptions in contracts for the sale of real property are insufficiently described, the contract is enforceable and only the exception falls—as in the case of deeds. This argument assumes that the exterior boundaries of the tract to be conveyed are adequately described; that only the portions excepted from the tract as a whole are inadequately described.

In this case the exterior boundaries of the tract to be conveyed are not described with the required certainty. The memorandum of the oral contract does not state what ¼ of Section 34 was to be conveyed. Nor does it furnish the means or data within itself which points to evidence that will identify the property. Adams v. Cox, supra, Pitek v. McGuire, supra. The one piece of extrinsic evidence referred to in the memorandum is a survey plat prepared by Robert S. Harris in March of 1951. Yet this plat covers, and only purports to cover, "portions of the South half of South West quarter of Section 34 in T 13 N, R 12 W, NMPM, McKinley County, New Mexico * * *" The entire south half of the south west quarter encompasses only 80 acres, while the memorandum purports to agree to convey ¼ of Section 34 (160 acres) as per Mr. Harris' survey.

After examining the memorandum and the plat referred to therein, we are unable to determine what ¼ of Section 34 defendant agreed to convey. See 23 A.L.R.2d 6, 98. The complaint did not allege, nor did the evidence introduced establish, that defendant ("and others") owned only ¼ of Section 34 and no more. Rather, the complaint alleged that the defendant "was the owner in fee of certain real property located in Section 34."

The notice of *lis pendens* filed by plaintiff described the property as the s/2 of the s/2 of Section 34. Likewise plaintiff

testified that this was the property involved. But not only did the memorandum and the plat referred to therein fail to so state or indicate, the check given by plaintiff to defendant contemporaneously with the execution of the memorandum stated merely "Down Payment on ¼ Section in T 13 N, R 12 W." Checks mailed to defendant subsequent to the oral agreement contain a notation to the effect that the check is a payment on the purchase price of the south half of the south half of Section 34. Such notations, as well as the description in the *lis pendens* notice and plaintiff's oral testimony, do not cure the insufficiency of description in the memorandum and original check. Plaintiff may well have been attempting to "beef up" the insufficient description in the memorandum.

A distinction must be drawn between the use of extrinsic evidence, parol or written, for the purpose of *applying* a description to certain property, and that of *supplying* or adding to a description which, as in this case, is insufficient on the face of the memorandum and data referred to therein. See Hampe v. Sage, 82 Kan. 728, 109 P. 406.

In view of the foregoing it is unnecessary to consider points raised by plaintiff-appellant.

The judgment must be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and SHILLINGLAW, JJ., concur.