385 P.2d 971

June ROBINSON, Plaintiff-Appellant,

v.

Calvin BLACK, Defendant-Appellee,

and

The Carlsbad National Bank, Garnishee.

No. 7260.

Supreme Court of New Mexico.

Sept. 16, 1963.

Verity, Burr & Cooley, Farmington, for appellee.

COMPTON, Chief Justice.

This is an action for damages for breach of contract to purchase real estate. The complaint alleged that certain property owned by the plaintiff in Carlsbad, New Mexico, was offered for sale at a public auction as a unit, that it was bid on by, and sold to the defendant, who thereafter repudiated the sale. The defendant denied the allegations and affirmatively pleaded the Statute of Frauds, and also alleged misrepresentation by the auctioneer of the quantity of real estate being sold. From an adverse judgment, the plaintiff has appealed.

The facts are these. Appellant is the owner of Lots 1 to 10, inclusive, Block 4, South Carlsbad Addition, Carlsbad, New Mexico, constituting one tract of land. She contracted with an auctioneer corporation to sell the real estate, as well as the personal property, at public auction to the highest bidder, subject to confirmation by her within 24 hours thereafter, the purchase price to be paid 25% in cash at time of sale and the balance upon approval of title. The sale which took place on August 17, 1961 was widely advertised. Appellee is a resident of Utah. He flew to Carlsbad with a friend who was interested in bidding on an airplane to be offered for sale at the auction. He did not intend to bid on any of the Robinson property so offered. When

Stagner, Sage, Walker & Estill, Carlsbad, :for appellant.

the real estate was put up for sale the auctioneer read the legal description from the advertising brochure and pointed out its fenced boundaries with his cane. Appellee testified he did not hear the reading of the description but entered the bidding when, from words and gestures of the auctioneer, he believed that ten lots in addition to the real estate within the fenced area were included. At no time while in Carlsbad did appellee have knowledge of, or was he furnished with, or did he attempt to obtain, the exact legal description of the property which was sold to him as the highest bidder at $32,500.00. The following day appellant confirmed the sale and she and appellee signed, and the auctioneer witnessed, a memorandum of sale stating:

"Receipt is hereby acknowledged of $8,125.00 as escrow for real estate purchased at auction from Ray Robinson Estate in Carlsbad, N. M. on Aug. 17, 1961.

"Escrow payment is ¼ purchase price of $32,500.00. Balance due upon transfer & approval of abstract."

Appellee at that time gave his check payable to the Carlsbad National Bank in the amount of $8,125.00 which contained the notation "Escrow on Robinson real estate, subject to title clearance & approval." Thereafter, on the same day, appellee listed the real estate with the Real Estate Sales Company of Carlsbad for lease, rent or sale as his property. The listing contract incorrectly described the property as Lots 1 to 10, inclusive, in the *San Jose Addition*, but the evidence is conflicting as to whether this description was filled in at the time the listing was signed by appellee or by the agent thereafter.

On August 21, 1961, appellee, through his attorney in Utah, requested appellant's attorney to prepare a formal agreement specifying the description of the property involved and the terms of the agreement, which was duly furnished. Thereafter, on September 27, 1961, appellee, by letter, requested the Carlsbad National Bank to return his check held by it in escrow because of the inability of the parties to agree on the property to be sold. Appellant then garnished the funds in the hands of the Bank, in order to obtain jurisdiction of the nonresident appellee, and they were paid into the court pending disposition of this suit.

The memorandum of sale, the check, the listing contract and appellee's letter to the Bank constitute the writings involved here, all of which are signed by the appellee.

It is conceded by the parties that an offer of sale of real estate at an auction and an acceptance by a purchaser constitute an oral agreement to purchase real estate to which the Statute of Frauds applies. Brey v. Tvedt, 74 N.D. 192, 21 N.W. 2d 49; Pierce v. Rush, 210 Ga. 718, 82 S.E.2d 649; 5 Am.Jur., Auctions, § 28.

And that an oral agreement within the Statute of Frauds is unenforceable unless there is a memorandum in writing sufficient to satisfy the statute. Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991.

The trial court properly found that appellant was the owner of Lots 1 to 10, inclusive, Block 4, South Carlsbad Addition, which lots were contiguous and constituted *one* tract of land enclosed by a fence; that it was the only real estate owned by appellant in Carlsbad, New Mexico; that it was offered for sale at public auction on August 17, 1961 as one tract; that the auctioneer read the legal description of the real estate and pointed out its fenced boundaries; that it was the only real estate sold at auction by the Ray Robinson estate in Carlsbad, New Mexico, on August 17, 1961, and that it was sold to appellee as one tract. While the court made no finding as to misrepresentation, nevertheless, it concluded that there was neither an adequate description of the property to be found in any writing admissible for the purpose of showing such description, nor was such description contained in all of the writings considered together sufficient to satisfy the Statute of Frauds.

Appellant presents two questions on appeal, the first of which relates to the right of appellee to a return of the 25% down payment made by him in escrow. We are precluded, however, under Supreme Court Rule 12(1), (§ 21–2–1(12), N.M.S.A., 1953) from a consideration of this question for the reason that appellant, in designating less than the complete record for inclusion in the transcript, failed to include this particular point in her praecipe as a statement of the points upon which she intended to rely. This does not mean to say that the question might properly have been included in the praecipe, but merely that it cannot now be considered by us under the aforementioned rule which limits our review to the points stated therein, unless a jurisdictional question is involved. § 21–2–1(20)1, N.M.S.A.1953.

The question remaining for determination is whether the trial court erred in concluding that the written memoranda lacked a sufficient description of the real estate to satisfy the Statute of Frauds.

The appellant contends that the description in the memorandum of sale here, to wit, "real estate purchased at auction from Ray Robinson Estate in Carlsbad, N.M. on Aug. 17, 1961", while not containing an exact legal description of the real estate involved, furnishes within itself the means or data which points to evidence that will identify it, and that parol evidence is admissible for the purpose of applying that description to the property sold at the auction.

Based upon the findings of the court, we think this contention has merit since the description can apply only to *one* tract or parcel of land owned by the appellant, sold

by her in the manner and at the time and place referred to in the memorandum description.

■ In Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830, this court made a concise statement of what is required in a memorandum of oral sale of real estate, sufficient to satisfy the statute:

"It is true that a memorandum of an oral sale of real estate need not be made with the formality of a deed; but it must contain a sufficient description of the land, or furnish the means or data within itself which points to evidence that will identify it * * *", citing cases and 37 C.J.S. Frauds, Statute of § 184 and 49 Am.Jur. "Statutes of Frauds", § 394.

Also cf. Adams v. Cox, 52 N.M. 56, 191 P.2d 352 and Ray v. Jones, 64 N.M. 223, 327 P.2d 301.

In Preble v. Higgins, 43 R.I. 10, 109 A. 707, involving a similar situation, it is stated:

"* * * The receipt names the purchaser. It is signed by the vendor's agent, and it states the purchase price. The real estate is described as the 'property sold this day' (September 5, 1918) 'at auction—Pawtucket Ave. East Prov.' The rule is that a description is sufficient to meet the requirements of the statute of frauds if the description can apply to but one parcel of property owned by the seller; the property may then be identified by parol. But the description is insufficient if it applies equally well to more than one parcel of property owned by the seller. * * *"

See also Michelson v. Sherman et al., 310 Mass. 774, 39 N.E.2d 633, 139 A.L.R. 960; Cramer v. Ballard, 315 Mich. 496, 24 N.W. 2d 80, and 23 A.L.R.2d 6 et seq.

■ We conclude that the memorandum of sale signed by the parties is sufficient to satisfy the Statute of Frauds and that the court erred in holding that the contract was unenforceable.

Appellee relies strongly upon Pitek v. McGuire, supra, but we find nothing said there inconsistent with our conclusion here. In that case the written memorandum of the oral sale consisted of a check, endorsed by the seller against whom specific performance was sought, containing the notation "[t]o be applied on purchase of property on E. Central Ave. Albuquerque, N.M." There was nothing in the description to which parol evidence could have been linked to identify all of the defendant's property on East Central Avenue as the subject of the sale. We there said, if the description had been all of payee's property on East Central, or all of her property facing on East Central, the description would have been sufficient to satisfy the statute. The case tends to support the appellant.

The judgment should be reversed and the cause remanded for findings on the issue of damages, the issue having been litigated below, and for the entry of an appropriate judgment. It is so ordered.

CARMODY and MOISE, JJ., concur.