498 P.2d 311

Woodie L. RHODES and Melvin J. Hanson, Plaintiffs-Appellants,

v.

Lucille V. WILKINS, Defendant-Appellee.

No. 9401.

Supreme Court of New Mexico.

June 9, 1972.

Aldridge & Pearlman, Albuquerque, for plaintiffs-appellants.

Harry O. Morris, Albuquerque, for defendant-appellee.

## OPINION

OMAN, Justice.

Plaintiffs brought suit for specific performance of a purported option agreement to purchase approximately 1.862 acres of land and damages for a claimed breach of this agreement. A copy of the purported agreement, which is illegible in part, was attached to the complaint. The trial court sustained defendant's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The motion was sustained upon the ground that the purported agreement violates the Statute of Frauds in that it does not "contain a sufficient description of the land to be conveyed or furnish the means or data within itself which points to evidence that will identify the property." Plaintiffs appeal from the order of dismissal. We affirm.

The purported agreement was prepared on a printed "Purchase Agreement" form. The parties undertook to convert it into an option agreement by striking certain printed language from the form, substituting therefor other language, and filling in the blanks as to parties, description of the property, purchase price, etc. The property was described as "approx. 1.862 acres being in the SE ¼ of the SW ¼ of SE ¼ of Sec. 10, R 6 E, T 10 N, City of _____, County of Bernalillo, State of New Mexico, including Vacant land."

Plaintiffs rely upon three separately stated points for reversal, but they can properly be summarized as a contention that the trial court erred in holding the alleged contract violated the Statute of Frauds, because (1) the contract or memorandum was in itself sufficient to satisfy the Statute of Frauds, and (2) in any event, the trial court could not properly dismiss the complaint without receiving extrinsic evidence to identify the lands contemplated by the parties.

Unquestionably the fourth section of the English Statute of Frauds and Perjuries has been adopted in this jurisdiction, and one of the requirements of a written contract, or a written memorandum of a contract, essential to compliance with this section of the statute, is that the writing identify with reasonable certainty the property to which the contract relates. This essential description or identification of the property must be contained in a written contract, or in a written memorandum of the contract, or there must be contained in the writing a reference to some means or data by which the property can be identified. Ray v. Jones, 64 N.M. 223, 327 P.2d 301 (1958); Adams v. Cox, 52 N.M. 56, 191 P.2d 352 (1948); Pitek v. McGuire, 51 N.M. 364, 184 P.2d 647, 1 A.L.R.2d 830 (1947). Any collateral means or data by which the property can be identified must necessarily be referred to in a written contract, or in a written memorandum of the contract. If it were otherwise, and parol evidence could be used to supply the defect, the purpose of the Statute of Frauds would at once be defeated and lost.

This court in Pitek v. McGuire, supra, quoted with approval the following from Williams v. Morris, 95 U.S. 444, 24 L.Ed. 360 (1877):

"'Unless the essential terms of the sale can be ascertained from the writing itself, or by reference in it to something else, the writing is not a compliance with the statute; and if the agreement be thus defective it cannot be supplied by parol proof, for that would at once introduce all the mischief which the statute was intended to prevent.'"

In the Pitek case we held a notation on a check endorsed and cashed by the seller insufficient to identify the property. The notation read: "To be applied on purchase of property on E. Central Ave. Albuquerque, N. M. Bernalillo Co. Leaving balance of 10,500 dollars."

In Adams v. Cox, supra, we stated:

"A written memorandum must contain a sufficient description of the land, or furnish the means or data within itself which points to evidence that will identify it. Pitek v. McGuire et al., 51 N.M. 364, 184 P.2d 647, 655, and cases therein cited."

However, in the Adams case the description was held to be sufficient, because the property was described in the written memorandum by its particular name, to wit: "Lighthouse Laundry with all equipment complete together with two city lots 100 x 168 feet." The written memorandum so describing the property also contained "the date line of Roswell, New Mexico."

We held in Ray v. Jones, supra, that one of the essential terms of the written contract or memorandum is that it " * * * contain a sufficient description of the land to be conveyed *or furnish the means or data within itself which points to evidence that will identify the property.* Adams v. Cox, 52 N.M. 56, 191 P.2d 352; Pitek v. McGuire, supra; see extensive annotation in 23 A.L.R.2d 6."

In the Ray case the description of the property was held to be inadequate, because the exterior boundaries of the tract to be conveyed were not described; the memorandum did not say what ¼ of section 34 was to be conveyed; and it did not furnish the means or data within itself which pointed to evidence by which the property could be identified.

In the present case the description was that of approximately 1.862 acres within a ten acre tract. There was no description in the contract of any particular 1.862 acres; there was no reference in the contract to any data in which these 1.862 acres are described; and there was no reference in the contract to any means or data by which these 1.862 acres could be identified.

Cases decided by this court upon which the parties rely, other than those above cited, are Komadina v. Edmondson, 81 N.M. 467, 468 P.2d 632 (1970); Bintliff v. Setliff, 75 N.M. 448, 405 P.2d 931 (1965); Hughes v. Meem, 70 N.M. 122, 371 P.2d 235 (1962); Garcia v. Pineda et al., 33 N. M. 651, 275 P. 370 (1929). In none of these cases was there involved the question of the adequacy of the description of the property to meet the requirements of the Statute of Frauds. They dealt with the adequacy of a description in a deed or an instrument of conveyance. However, our decisions in those cases are not inconsistent with our holding herein and with our holdings in Ray v. Jones, supra, Adams v. Cox, supra, and Pitek v. McGuire, supra. In Komadina v. Edmondson, supra, it was stated:

"It is fundamental that 'In order to make a valid conveyance of land, it is essential that the land itself, the subject of the conveyance, be capable of identification, and, if the conveyance does not describe the land with such particularity as to render this possible, the conveyance is absolutely nugatory, * * *' 4 Tiffany, Real Property § 990 (3rd ed. Jones 1939).

" * * * *

"The grantor's intent must be ascertained from the description contained in the deed which must itself be certain or capable of being reduced to certainty by something extrinsic to which the deed refers. Hughes v. Meem, supra. Consequently, if extrinsic evidence is to be relied upon to identify the land intended to be conveyed, the deed itself must point to the source from which such evidence is to be sought. Adams v. Cox, 52 N.M. 56, 191 P.2d 352 (1948); Heron v. Ramsey, 45 N.M. 483, 117 P.2d 242 (1941); 6 Thompson, supra, § 3027 at 478; compare Quintana v. Montoya, 64 N.M. 464,

330 P.2d 549, 71 A.L.R.2d 397 (1958); Armijo v. New Mexico Town Co., 3 N. M. (Gild.) 427, 5 P. 709 (1885)."

Since the complaint in the case now before us was predicated and dependent upon the validity of the written contract, and a copy of this contract was attached to the complaint as an exhibit thereto and as a part thereof, the contract was controlling. Adams v. Cox, supra. Obviously the contract did not meet the requirement of the Statute of Frauds as to the description or means of identifying the property, and, therefore, the trial court properly dismissed the complaint for failure to state a claim upon which relief could be granted.

The order of dismissal should be affirmed. It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.