[Civ. No. 4467.  Third Appellate District.—January 28, 1932.]

R. M. WIDNEY et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

R. M. Widney, *in pro per.,* for Appellants.

Frank Thunen for Respondents.

MILLER, J., *pro tem.*—This is an appeal from a judgment quieting defendants' title to a strip of land 2,300 feet long by 150 feet wide, adjoining defendants' right of way at the station of Pacoima, between San Fernando and Burbank, in Los Angeles County, California.

The complaint alleges ownership in plaintiffs, and that defendants' claim to said property is without right. Defendants deny plaintiffs' ownership and plead a conveyance from R. M. Widney, Charles Maclay, J. K. Alexander and H. L. Macneil, in whom the title to said property stood at the time of said conveyance to defendants, said conveyance being executed and delivered July 11, 1887, and recorded July 18, 1887. Defendants also plead the statute of limitations, sections 318, 319 and 320, of the Code of Civil Procedure, and set up, in addition, a cross-complaint under which they seek to quiet their title. Defendants had judgment on their cross-complaint, and the plaintiffs appealed from such judgment.

The complaint describes the land as ''that certain tract of land being a portion of Maclay Rancho of the Ex-Mission de San Fernando, in Los Angeles county, California, described as follows: Beginning at the east corner of lot 1421 in the town of Pacoima, as per map thereof recorded in Book 29, page 79, et seq., of Miscellaneous Records of said county; thence southwesterly along the southeast boundary line of said lot 150 feet to a point distant at a right angle 50 feet from the center line of the right of way of said railroad company; thence at right angle easterly on a line parallel to and distant 50 feet at a right angle; and from said center line of said right-of-way of said railroad 2300 feet to a point distant 50 feet at a right angle from said center line of said railroad right-of-way; thence at a right angle

northeasterly 150 feet to a point in the southwestern line of Sutter street in said Maclay Rancho in said town of Pacoima; thence northwesterly along said line of said street 2300 feet to the point of beginning.''

The descriptions set forth in the deed to plaintiff, R. M. Widney, are as follows: ''All that part of the Rancho Ex-Mission San Fernando in Los Angeles county, California, bounded on the easterly side by the east bank of the Pacoima Wash, and by fractional sections 36 and 25, T. 3 N. R. 15 W., S. B. M., and bounded on the northerly side by the north boundary line of the Rancho; bounded westerly by a line drawn from where the north boundary line of the Rancho intersects the west boundary line of S. E. ¼ of Sec. 22, T. 3 N. R. 15 W., S. B. M.; thence on a straight line through the S. W. corner of Section 34, in said Township, to the land of the Southern Pacific Railroad, bounded on the southerly side by said lands of said Railroad.''

Appellants base their contention that the deed to R. M. Widney contains a sufficient description upon the ground that the deed from Maclay refers to the land therein sought to be conveyed as the same land ''conveyed and deeded to me by C. R. Porter and B. F. Porter'', and that the description contained in the Porter deed is sufficient, but there is no reference to the date of the Porter deed nor to the place of its record, if it was ever recorded, and, hence, there is no means of tying in the deed offered in evidence and claimed by appellants to be the deed referred to in a deed from Maclay to R. M. Widney as the particular deed Maclay had in mind. Without the aid of the description furnished by the Porter deed offered in evidence, the description in the deed from Maclay to R. M. Widney is insufficient as a description of the land involved in this action. Appellants apparently lose sight of the fact that they must recover, if at all, on the strength of their own title, and not upon the weakness of their adversary's title, and they vigorously attack respondents' claim to title as being ''absolutely void'', and cite in support of that attack section 870 of the Civil Code, which provides ''that every transfer in contravention of an express trust is absolutely void''.

Plaintiffs base their claim on a deed purporting to have been executed by Charles Maclay to R. M. Widney, May 9,

1881, but not recorded until 1914, after Maclay's death. In the meantime, on September 9, 1885, Charles Maclay conveyed the land involved herein to himself, R. M. Widney, J. K. Alexander, H. L. Macneil and George C. Hagar, as trustees, said property to be subdivided, improved and placed on the market. Said trustees, other than Charles Maclay therein, agreed to pay Charles Maclay the sum of $400,000 for said property. It is further stipulated in the instrument creating said trust, that a specified part of the land shall not be sold for less than $50 an acre, a part for not less than $40 an acre, and the remainder thereof for not less than $30 an acre. It is further therein provided that the profits derived from said trust were to be divided, one-fifth to each of said five trustees, or their respective successors in interest. It is therein further provided that any document signed by four of said trustees, or their duly authorized agents, shall be valid and binding within the scope of said trust, except that sales for a less price than $30 an acre can only be made with the consent and signatures of all the parties to said trust, or their successors. The deed to respondents was executed by only four of said trustees, and recited a nominal consideration, and hence, appellants contend, is "absolutely void".

It will be presumed, in the absence of evidence to the contrary, that the trustees under said trust were faithful to their trust, and that a conveyance of any land, the subject of such trust, that was executed by only four of the trustees, represented a sale for at least $30 an acre, notwithstanding the fact that the deed recited a nominal consideration. The act of the beneficiary under the trust, Charles Maclay, in joining in the deed to the railroad company, cured any irregularity, if there was any, and the beneficiary and all persons in privity with him are estopped to question the validity of said deed. (*Witter* v. *McCarthy,* 5 Cal. Unrep. 267 [43 Pac. 969].) Besides, a trustee under said trust is estopped to impeach his own solemn deed (*Coles* v. *Soulsby,* 21 Cal. 51; *McCarthy* v. *Connolly,* 91 Cal. 15 [27 Pac. 599]), or from now asserting, for his own gain, that he betrayed his trust in deeding property here involved to the railroad company as trust property, while during the moment of such betrayal he was the sole owner of the property in question, according to his conten-

tion. If he was the owner at that time, then when he joined his cotrustees in deeding the property to the railroad company and took its money therefor—little or much— he participated in obtaining the railroad company's money under false pretenses. ██ It is highly improbable that the trustees deeded to the railroad company 7.9 acres of land between San Fernando and Burbank, in Los Angeles County, for less than $30 an acre, even in the early days. But, be that as it may, it is a legal presumption that the consideration was adequate. (Sec. 1963, Code Civ. Proc., subd. 39; secs. 1614, 1615, Civ. Code.) Furthermore, the burden of showing that the consideration was less than $30 an acre was on the appellants (sec. 1615, Civ. Code), and they have made no showing to that effect.

In passing, it might be remarked that it is stranger than fiction if Widney was the owner of the whole of the Maclay lands, as he now claims to have been under the deed from Maclay to himself of date May 9, 1881, that he accepted the terms of the Maclay trust on September 9, 1887, which required him and three other trustees to pay Maclay $400,000 for the same property.

██ Another deed on which appellants rely as showing title in themselves, and to the rejection of which from evidence appellants complain, is indeed a most remarkable instrument. It is dated November 9, 1922, and in which R. M. Widney is named as grantee, and which purports to grant the remaining rights, reversions, forfeitures, titles and interest in and to the property described in the Maclay trust. This document was executed by C. W. Pendelton, A. B. Widney, S. F. McClung and Eva C. Wood, purporting to act as trustees under the Maclay trust, but there is no showing that the appointment of such persons as trustees, other than Eva C. Wood, who derived her appointment from R. M. Widney for the apparent purpose of enabling her to deed to him, individually, and in violation of the trust, the property which he had held as trustee at the time of his appointment of her as his successor. Both the deeds to R. M. Widney were rejected by the trial court, and we are of the opinion that such deeds do not show title in appellants, and that they were properly rejected. ██ Appellants Mike Miscassio, Frank Giovinazzo and Tony Ditomaso claim title to parts of the land described in

plaintiffs' complaint, under R. M. Widney, and inasmuch as Widney never had title to the property, he could convey none to the other appellants.

Respondents set up in their cross-complaint, claim of adverse possession to the property described in plaintiffs' complaint, and ask that their title thereto be quieted. They rely upon their deed from the trustees under the Maclay trust herein referred to, and also upon adverse possession. The appellants contend that the deed is absolutely void, and that adverse possession cannot aid them because they did not specifically plead adverse possession. But claim of ownership entitles respondents to prove adverse possession, or any other title they may have. (*Gillespie* v. *Jones,* 47 Cal. 259; *Montecito Valley Co.* v. *Santa Barbara,* 144 Cal. 594 [77 Pac. 1113].)

The finding of ownership includes all the probative facts. (*Montecito Valley Co.* v. *Santa Barbara,* 144 Cal. 594 [77 Pac. 1113].) Moreover, on overwhelming evidence, the court below specifically found that respondents had been in the open, notorious, exclusive and adverse possession of, and claim to, said property under its deed from the trustees, for more than five years preceding the commencement of the action, and had during all of said times paid all taxes levied on, or assessed against said property, and that plaintiffs' cause of action is barred by the provisions of section 318 of the Code of Civil Procedure.

It appears from the facts and circumstances shown in the record before us that the appeal is wholly without merit, and that this is a proper case for the imposition of a penalty for the prosecution of a frivolous appeal.

The judgment is affirmed, and appellants are penalized in the sum of $100 for prosecuting a frivolous appeal.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.