405 P.2d 931

**C. McClure BINTLIFF, Plaintiff-Appellee,**

**v.**

**L. T. SETLIFF and Beulah Setliff, Defendants-Appellants,**

**John A. MONAGIN, Plaintiff-Appellee,**

**v.**

**L. T. SETLIFF and Beulah Setliff, Defendants-Appellants.**

No. 7674.

Supreme Court of New Mexico.

Sept. 20, 1965.

Both parties apparently concede the elementary principle that subsequent purchasers of land encumbered by such an agreement as we have here take the land free of such encumbrance unless they had notice thereof when they purchased the land. A finding that appellees had no actual knowledge of the development agreement is not challenged, but appellant contends that since the development agreement was recorded prior to the sale, it constitutes constructive notice of its contents. The trial court determined that the instrument did not give such constructive notice because of the insufficiency of the description of the Taos county land, which reads:

"* * * 2000 acres of land located in Taos County, New Mexico, said land being described by metes and bounds in a Partial Release dated June 18, 1959, executed by Grover C. Daugherty, Jr., Drucilla Daugherty and Addie Daugherty, sole heir and legatee of the Estate of Grover C. Daugherty, Sr., and said Partial Release being in favor of M. L. Copenhaver, Jr., to which reference is hereby made for a more complete description * * *."

Claimed error is predicated upon the argument that the description is legally sufficient because it specifically refers to a description in a mortgage release which he asserts is adequate. It is true that an inadequate description in a deed may be made sufficient if it refers for identifica-

---

Arthur T. Noble, Jr., Taos, for appellants.

George T. Reynolds, R. Howard Brandenburg, Taos, for appellees.

NOBLE, Justice.

Separate suits to quiet title to their respective tracts of land were brought by the appellees C. McClure Bintliff and John A. Monagin. A counterclaim was filed by Setliff, the defendant in each case, alleging a lien interest in the land by virtue of a development agreement between him and appellees' predecessors in title. The cases were consolidated for trial in the district court, and Setliff has appealed from separate judgments quieting the title of Bintliff and Monagin to their respective tracts and dismissing Setliff's counterclaims.

tion to some other instrument or document with such certainty that the land can be located therefrom, Hughes v. Meem, 70 N.M. 122, 371 P.2d 235; Adams v. Cox, 52 N.M. 56, 191 P.2d 352, but such other instrument must be so referred to that third parties could be reasonably required to discover it and learn its contents and the description in such other instrument must be definite and certain. In our present situation, the recorded development agreement makes no reference to the location of the instrument said to contain an adequate description, nor has our attention been called to the introduction in evidence of the release referred to in the development agreement. Absent such evidence, we are unable to determine whether the description in the instrument referred to is itself sufficient to identify the land as being that involved in this action, or even whether the instrument referred to actually exists. It clearly follows that the reference in the recorded development agreement to an extrinsic instrument was insufficient to aid the inadequate description of the land. Widney v. Southern Pac. Co., 120 Cal.App. 291, 7 P.2d 1046; Conner v. Helvik, 105 Mont. 437, 73 P.2d 541.

█ Counsel for appellant makes rather vague references to certain instruments which it is claimed do contain a definite description. Even if such instruments were of the nature to give appellees constructive notice of the lien interest, we will not consider them because of counsel's failure to point out specific references thereto in the record, in violation of Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M.S.A. 1953).

It follows from what has been said that appellees did not have constructive notice of appellants' lien interest when they purchased their tracts and that, therefore, the judgment appealed from should be affirmed. It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.