This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RODEO, INC., a New Mexico corporation, d/b/a "COWBOYS"; GENE HINKLE, individually; HINKLE INVESTMENTS a/k/a HINKLE INCOME PROPERTIES, LLC, and RITA TRUJILLO,**

      Third-Party Plaintiffs/Appellees/
      Cross-Appellants,

v.                              **NO. 28,384 & 28,445**
                                    **(Consolidated)**

**COLUMBIA CASUALTY INSURANCE COMPANY,**

      Third-Party Defendant/Appellant/
      Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**William A. Sanchez, District Judge**

L. Helen Bennett
Steven Vogel
Bryan Query
Albuquerque, NM

for Appellees

Yenson, Lynn, Allen & Wosick, P.C.
Patrick D. Allen
Patricia A. Padrino

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

In this consolidated appeal and cross-appeal, which stems from an action for breach of contract, bad faith and breach of fiduciary duty, and violations of the New Mexico Insurance Code and Unfair Practices Act, the trial court's awards of attorney fees, costs, and prejudgment interest are contested. In addition, Appellees challenge the trial court's admission of certain testimony at trial. We hold that the trial court erred in finding, for purposes of awarding attorney fees under NMSA 1978, Section 39-2-1 (1977), that Appellant's failure to provide insurance coverage was unreasonable. Accordingly, we reverse the trial court's award of attorney fees under Section 39-2-1. We affirm on all other grounds.

**BACKGROUND**

**Origin of This Litigation and Identity of the Parties**

This is the second appeal to this Court concerning third-party claims by a bar owner against its insurer after being sued for the wrongful death of a patron. The facts which gave rise to the original controversy are set forth in detail in this Court's previous opinion, *Rodeo, Inc. v. Columbia Casualty Co.*, 2007-NMCA-013, 141 N.M.

32, 150 P.3d 982 (hereinafter *Rodeo I*). This second appeal concerns the trial court's rulings regarding attorney fees, costs, prejudgment interest, and the trial court's admission of certain testimony at trial.

Appellant is the Columbia Casualty Insurance Company (Columbia). Columbia provided commercial general liability and liquor liability insurance for Cowboys. Appellees are all associated with Cowboys: Rodeo, Inc. (Rodeo) is the business entity which owns and operates Cowboys; Gene Hinkle leased the property on which Cowboys is located; and Rita Trujillo owned Cowboys' liquor license. Hinkle and Trujillo were both named as additional insureds in the Columbia policy. We refer to Rodeo, Hinkle, and Trujillo collectively as Appellees.

Rodeo obtained the insurance policy from Columbia through a premium finance agreement. Under this agreement, the finance company paid the annual premium in full to Columbia, and Rodeo paid the finance company monthly premium payments. The agreement required Rodeo to provide the finance company with power of attorney and also required Rodeo to accept the following condition: In the event Rodeo failed to make timely monthly premium payments, the finance company would take the necessary steps to terminate the Columbia policy.

In the months immediately preceding the death of the Cowboys patron, Rodeo failed to make timely insurance premium payments. As a result, the finance company

initiated the process of canceling the policy, and Appellees were ultimately informed that their liability insurance had been canceled. Appellees maintained that Columbia was without grounds to cancel their insurance policy and brought suit against Columbia. In that third-party complaint and the subsequently filed amended third-party complaint, Appellees argued that Columbia had a duty to defend and indemnify them in the wrongful death action and claimed breach of contract, bad faith and breach of fiduciary duty, and violations of the New Mexico Insurance Code and Unfair Practices Act.

The trial court ruled that Appellees' insurance policy had not been canceled at the time the wrongful death suit was filed, and we agreed. *Rodeo I*, 2007-NMCA-013, ¶¶ 8-9. In *Rodeo I*, issued on October 27, 2006, we held as a matter of first impression that an insurance contract obtained through an insurance premium finance agreement cannot be canceled under NMSA 1978, Section 59A-45-11(A) (1984) unless the insurer was in compliance with all of the subsections of Section 59-45-11. *Rodeo I*, 2007-NMCA-013, ¶ 1. We observed in *Rodeo I* that Rodeo obtained the policy from Columbia through a premium finance agreement and that Columbia had not complied with Subsection (E) (requiring Columbia to return the unearned premium before canceling Appellees' policy) at the time the wrongful death suit had been filed. *Id.*

4

¶¶ 33-34. Thus, we concluded that Appellees' policy had not been cancelled when the wrongful death suit was filed. *Id.*

After we issued *Rodeo I* and on remand, Columbia assumed the representation of Rodeo and Trujillo in the wrongful death suit. Columbia settled the claims against Rodeo and Trujillo arising from the wrongful death suit and reimbursed Rodeo and Trujillo for all the attorney fees and costs they incurred defending those claims. Columbia did not provide representation to Hinkle. The parties do not dispute that Hinkle's insurance provider, Travelers Insurance, covered the costs of that representation and settled all claims against Hinkle arising from the wrongful death suit. According to Columbia, Travelers has not yet requested reimbursement for those costs or filed suit to recoup them.

Although all claims against Appellees associated with the wrongful death suit had been settled and dismissed, Appellees' claims against Columbia remained. These claims proceeded to a jury trial. At the close of trial, the jury returned a verdict in favor of Appellees on the breach of contract claim and against them on the bad faith, violation of New Mexico Insurance Code, and violation of New Mexico Unfair Practices Act claims. On the breach of contract claim, the jury awarded Hinkle and Trujillo $45,000 each in incidental and consequential damages and awarded no damages to Rodeo.

After trial, Appellees filed motions for attorney fees, costs, and prejudgment interest. Columbia responded that, as the prevailing party at trial, it (not Appellees) was entitled to costs. The trial court denied Columbia's motion for costs. The trial court also denied Appellees' request for attorney fees and costs incurred after the issuance of *Rodeo I*—the attorney fees and costs Appellees expended litigating the breach of contract, bad faith, and Insurance Code and Unfair Practices Act claims. However, citing Section 39-2-1, the trial court ordered Columbia to pay all of Appellees' attorney fees and costs, and interest on these fees and costs, incurred prior to *Rodeo I.* The attorney fees and costs awarded were those that Appellees incurred in compelling Columbia to provide insurance coverage. In addition, pursuant to NMSA 1978, Section 56-8-4(B) (2004), the trial court awarded Hinkle and Trujillo prejudgment interest at the rate of ten percent per annum for two years on their respective $45,000 jury awards. Both parties appealed.

**DISCUSSION**

**Appellees' Cross-Appeal**

Appellees raise four issues on appeal: (1) the trial court erred in denying Appellees the ability to present evidence of the reasonable and necessary expenses, including attorney fees, incurred in defending the wrongful death claim and in pursuing litigation against Columbia to obtain the benefits of the insurance contract;

6

(2) the trial court erred in refusing to allow evidence of attorney fees incurred in pursuing coverage to be given to the jury and by reserving that decision to the court; (3) the trial court erred in allowing evidence concerning the legal posture of the case which confused the jury; and (4) the trial court erred in denying costs to Rodeo. We discuss each of these arguments in turn.

**Issues I and II - Evidence of Expenses and Attorney Fees**

The first issue raised by Appellees and part of the second issue appear to overlap. They seem to be based on Appellee's position that the trial court erred by preventing Appellees from introducing evidence to the jury of the full measure of damages they suffered in (1) defending themselves against the wrongful death suit, and (2) compelling Columbia to provide insurance coverage. It appears that Appellees are challenging the trial court's admission or exclusion of evidence. It is well settled that we review such questions only for abuse of discretion. *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999.

Preliminarily, we note that Appellees have failed to specifically designate any portion of the record demonstrating they were prohibited from offering evidence of reasonable and necessary expenses, including attorney fees. Other than to cite to three dates on which "oral presentations" allegedly occurred and pre-trial motions filed by Appellees, Appellees provide no factual detail, record cite, or document to support

7

their argument. We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings. *See Bintliff v. Setliff*, 75 N.M. 448, 450, 405 P.2d 931, 932 (1965) (determining that our Supreme Court would not consider the argument of the appellant's counsel due to the failure to provide specific references to the record in violation of a Supreme Court rule); *Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192 ("[W]e decline to review . . . arguments to the extent that we would have to comb the record to do so."); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ( "This [C]ourt will not search the record to find evidence to support an appellant's claims.").

In contrast to Appellees' unsupported assertion that they were not permitted to present evidence of the amount of attorney fees and costs, and coverage fees and costs, Columbia points to several places in the record demonstrating that such evidence was, in fact, introduced. Appellees were allowed to present this evidence through various exhibits; the evidence was referenced in the special verdict form; and it was referred to in closing argument. The record reflects that Appellees were allowed to introduce evidence regarding expenditures related to compelling Columbia to provide insurance coverage as well as expenditures associated with the defense against the wrongful death suit.

Having concluded that Appellees had the opportunity—and did—present evidence of fees and costs, we turn next to the remainder of Appellees' second point: error in the jury instructions. Here, Appellees assert that the trial court erred by failing to instruct the jury that it could award Appellees damages based on fees and costs Columbia had already reimbursed, i.e. the fees and costs Appellees expended to defend against the wrongful death suit. For the following reasons, we reject this argument. We begin with the jury instruction.

At the conclusion of the trial, the trial court instructed the jury that the attorney fees and costs Appellees incurred defending themselves against the wrongful death suit (before Columbia agreed to assume that representation) could not be awarded as damages. The trial court instructed the jury that Columbia had already reimbursed Appellees for these attorney fees and costs. Specifically, jury instruction thirty-two states "[b]ecause [Columbia] has paid [Appellees'] attorney[] fees and costs in defending the wrongful death lawsuit, you may not award those defense fees as damages." As Columbia had already reimbursed Appellees for these attorney fees and costs, the trial court properly instructed the jury that those fees and costs could not be considered in their assessment of Appellees' damages. Had the trial court instructed the jury that it could award damages based on these fees, it would have provided Appellees double recovery, an impermissible result. *See Hale v. Basin Motor Co.*,

9

110 N.M. 314, 320, 795 P.2d 1006, 1012 (1990) (holding double recovery impermissible).

Further, we are not persuaded by Appellees' argument that the trial court "invaded the province of the jury" by reserving to itself the question of Appellees' entitlement to attorney fees and costs associated with compelling Columbia to provide coverage. Instruction thirty-two also provided that "[y]ou shall not award damages to any of the [Appellees] for attorney[] fees and costs in seeking insurance coverage, since the question of whether, or to what extent, such fees and costs should be awarded will be determined by the [c]ourt after the completion of this trial." Our courts have long-held that attorney fees are not allowable as consequential or incidental damages for a breach of contract. *See, e.g., Aboud v. Adams*, 84 N.M. 683, 692, 507 P.2d 430, 439 (1973). The trial court did not abuse its discretion in this regard.

Further, the trial court properly retained consideration of coverage fees for itself on Appellees' bad faith and statutory claims. We recognize that the jury found against all Appellees on these claims. Nevertheless, had the jury found for Appellees on the bad faith and statutory claims and had the jury awarded damages to Appellees, Sections 39-2-1, NMSA 1978, Section 59A-16-30 (1984), and NMSA 1978, Section 57-12-10(C) (2005) provide that fees and costs associated with bringing such claims

are awardable by the court and not the jury. Moreover, as we explained in *Lujan v. Gonzales*, 84 N.M. 229, 238, 501 P.2d 673, 682 (Ct. App. 1972), "[f]ees for counsel representing the insured in disputes with the insurer are ordinarily not recoverable in the absence of statute or contract." In this case, the trial court awarded Appellees attorney fees under Section 39-2-1 after the completion of the trial. Appellees have not provided us with any statutory authority or New Mexico case law—and we have found none—to support their position that coverage fees are to be considered an element of damages that should be submitted to the jury. We therefore determine there was no error in the trial court's actions and reject Appellees' assertion that the jury should have been responsible for ascertaining whether Appellees were entitled to these fees and costs.

**Issue III - Evidence About the Legal Procedural Background of the Case**

During the trial, Columbia introduced the testimony of two attorneys, Daniel Lewis and Steven Plitt. Appellees assert that the testimony of Mr. Lewis and Mr. Plitt was both improper and confused the jury. We review the trial court's admission or exclusion of evidence only for abuse of discretion. *Coates*, 1999-NMSC-013, ¶ 36.

We briefly summarize the testimony given by Mr. Lewis and Mr. Plitt. Mr. Lewis is an attorney at Hatch, Allen & Shepherd, a law firm in Albuquerque, New Mexico. Columbia hired Mr. Lewis' firm in the latter part of 2001 to offer an

independent evaluation of the propriety of the decision to treat Appellees' insurance policy as canceled. Mr. Lewis testified that in October 2001 he informed Columbia that, based on his assessment of the law in existence at that time (we had not yet issued *Rodeo I*), they were on solid legal footing to treat Appellees' insurance policy as canceled. Mr. Plitt, an attorney based out of Arizona with substantial experience and distinction in the field of insurance law, testified on Columbia's behalf as an expert witness in insurance law. Mr. Plitt also claimed that after reviewing the law in existence in 2001, he found no basis for the conclusion that Columbia acted unreasonably or in bad faith in its decision to treat Appellees' policy as canceled.

In their briefs on appeal, Appellees contend that Mr. Lewis' testimony presented "extraneous, irrelevant information to the jury" and that Mr. Plitt "was permitted to second guess the conclusion of this Court" thus inviting speculation about the correctness of this Court's decision in *Rodeo I*. Appellees do not provide us with any citation to the record indicating that they made these arguments to the trial court. *See* Rule 12-213(A)(4) NMRA (requiring a party to include a "statement explaining how the issue was preserved in the court below"). Further, our review of the record reveals that Appellees made no objections concerning the relevance of Mr. Lewis' and Mr. Plitt's testimony during the course of trial. As Columbia observes, Appellees

12

never objected during the testimony of Mr. Lewis and made only two objections to the testimony of Mr. Plitt, both of which were unrelated to the issues on appeal.

Appellees respond by first arguing that "[i]n fact, two objections to the testimony of Columbia Casualty's expert Plitt were sustained by the trial court, when Plitt attempted to counsel the jury in the law of bad faith." We fail to see how these two objections constitute preservation when, as noted above, they were unrelated to the issues on appeal and, more importantly, were sustained by the trial court. We also reject Appellees' second contention that an objection during trial would have been in vain or futile because the trial court had already denied their motion in limine and commented that "I would expect I'm going to let it all in." The trial court's ruling sustaining the only two objections made by Appellees strongly indicates that any such efforts would, in fact, have not been futile. Appellees made no effort to object to the testimony of Mr. Lewis or Mr. Plitt, and as a result, the trial court could not consider these arguments of relevancy or confusion. *See State v. Elliott*, 2001-NMCA-108, ¶ 21, 131 N.M. 390, 37 P.3d 107 ("Our case law is clear that in order to preserve an issue of appeal, a [party] must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon.").

We have previously observed that preservation serves the purposes of (1) allowing the trial court an opportunity to correct any errors, thereby avoiding the need for appeal, and (2) creating a record from which the appellate court can make informed decisions. *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 38, 125 N.M. 748, 965 P.2d 332. Appellees did not provide the trial court or Columbia with an opportunity to address these arguments during the course of trial. Consequently, we are without a proper record and decline to address Appellees' unpreserved arguments.

**Issue IV - Rodeo's Costs**

Appellees' final issue on appeal is their assertion that, in addition to having been awarded the attorney fees they incurred in compelling Columbia to provide coverage, Rodeo should have been awarded the costs it incurred in litigating the breach of contract, bad faith and breach of fiduciary duty, and Insurance Code and Unfair Practices Act claims. "The trial court has discretion in assessing costs, and its ruling will not be disturbed on appeal unless it was an abuse of discretion." *Pioneer Sav. & Trust, F.A. v. Rue*, 109 N.M. 228, 231, 784 P.2d 415, 418 (1989).

The Rules of Civil Procedure provide for costs to be awarded to the prevailing party in litigation as a matter of course. *Mascarenas v. Jaramillo*, 111 N.M. 410, 415, 806 P.2d 59, 64 (1991). Rule 1-054(D)(1) NMRA states that "costs, other than

14

attorney fees, shall be allowed to the prevailing party unless the court otherwise directs[.]" "A prevailing party is . . . the party who wins the lawsuit—that is, a plaintiff who recovers a judgment or a defendant who avoids an adverse judgment." *Mayeux v. Winder*, 2006-NMCA-028, ¶ 41, 139 N.M. 235, 131 P.3d 85 (filed 2005).

Rodeo argues that it was the prevailing party because it was successful in maintaining its claim for declaratory judgment in *Rodeo I* and because the jury found for Rodeo on its breach of contract action. We are not persuaded. With regard to *Rodeo I*, the issue of coverage was decided well before trial and was not one of the claims being litigated before the jury. Appellees recovered all their fees and costs associated with defending the wrongful death claim and were awarded coverage costs pursuant to Section 39-2-1 after trial. The trial court did not abuse its discretion by denying Rodeo's request for trial costs based on whether Rodeo was a prevailing party in the underlying declaratory judgment action.

In addition, although the jury found in favor of Rodeo on its breach of contract claim, the jury did not award Rodeo any damages on that claim; therefore, Rodeo cannot be considered the prevailing party at trial because it did not prevail on any claim submitted to the jury. An abuse of discretion will be found if we can characterize the trial court's determination "as clearly untenable or not justified by reason." *Coates*, 1999-NMSC-013, ¶ 36, (internal quotation marks and citation

omitted). In this case, the record reveals that the trial court—in awarding fees and costs—considered the fact that Hinkle and Trujillo partially prevailed at trial and explained why Rodeo did not. Accordingly, we are unwilling to conclude that the trial court abused its discretion in denying Rodeo the costs it incurred for unsuccessfully litigating the claims that went to trial.

**Appellant Columbia's Appeal**

Columbia raises three issues on appeal: (1) the trial court erred in awarding Appellees attorney fees, costs, and interest on those fees; (2) the trial court erred in awarding prejudgment interest to Hinkle and Trujillo; and (3) the trial court erred in refusing to award Columbia its costs.

**Issue I - Appellees' Fees, Costs and Interest Under Section 39-2-1**

Columbia asserts that the trial court committed error in awarding Appellees attorney fees and costs incurred prior to *Rodeo I* under Section 39-2-1. The attorney fees and costs awarded under this statute included the attorney fees and costs Appellees incurred in compelling Columbia to provide insurance coverage, i.e. to compel Columbia to defend Appellees against the wrongful death suit. "The decision whether to grant or deny a request for attorney fees rests within the sound discretion of the district court. Thus, we review the district court's ruling on attorney fees only

16

for an abuse of discretion." *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 15, 134 N.M. 776, 82 P.3d 947 (citation omitted).

Columbia argues that the trial court's decision to award Appellees attorney fees and costs under this statute was erroneous because under the plain terms of the statute such an award was not possible unless the trial court found that Columbia acted unreasonably in refusing to provide insurance coverage. Columbia further argues that the trial court was precluded from making such a finding in light of the fact that the jury rejected Appellees' bad faith claim. In rejecting that claim, Columbia contends, the jury necessarily found that it acted reasonably in initially refusing to provide Appellees insurance coverage, i.e. to defend Appellees against the wrongful death suit. As explained below, we reject the suggestion that the jury's determination that Columbia did not act in bad faith per se demonstrated that Columbia did not act unreasonably for purposes of awarding attorney fees under Section 39-2-1. However, we are persuaded by Columbia's reasoning, given the facts of the present matter, that the trial court's conclusion that Columbia acted unreasonably is logically irreconcilable with the jury's determination that Columbia did not act in bad faith. We begin our analysis by examining the statute in question.

Section 39-2-1 provides:

> In any action where an insured prevails against an insurer who has not paid a claim on any type of first party coverage, the insured person

17

may be awarded reasonable attorney[] fees and costs of the action upon a finding by the court that the insurer acted unreasonably in failing to pay the claim.

Columbia's assertion that the trial court was required to find it acted unreasonably prior to awarding Appellees attorney fees is borne out by the plain language of the statute. We thus turn to Columbia's assertion that the trial court was precluded from finding that it acted unreasonably in light of the jury's finding that Columbia did not act in bad faith. Columbia alleges that the jury's rejection of Appellees' bad faith claim required the jury to find that Columbia acted reasonably in its decision to treat Appellees' insurance policy as canceled, which in turn prompted Columbia to refuse (initially) to defend Appellees against the wrongful death suit. We agree with this analysis.

Our review of the jury instructions reveals that in rejecting Appellees' bad faith claim, the jury clearly determined that Columbia acted reasonably in its decision to initially refuse to defend Appellees. The jury was instructed as follows:

> To establish the claim of Bad Faith on the part of [Columbia], [Appellees] have the burden of proving any one of the following contentions:
> 1. [Columbia] failed to conduct a timely investigation and fair evaluation of its duty to defend [Appellees].
> 2. [Columbia] acted in bad faith by failing to timely investigate and fairly evaluate the claims made against [Appellees].
> 3. [Columbia] acted in bad faith in refusing to defend claims against [Appellees] because the terms of the insurance policy did not provide a reasonable basis for the refusal.

> 4. [Columbia] acted in bad faith by failing to accept reasonable settlement offers within policy limits.
>
> 5. [Columbia] failed to conduct a competent investigation of the claims against [Appellees] and to honestly and fairly balance its own interests and the interests of its policyholders, [Appellees], in rejecting a settlement offer within policy limits.

As Appellees' bad faith claim was premised on Columbia's decision to treat Appellees' insurance policy as canceled and Columbia's attendant refusal to defend Appellees against the wrongful death suit, the jury was presumably concerned only with contentions one and three above. Indeed, in order to assist the jury in their assessment of whether Columbia's refusal to defend Appellees was in bad faith, the trial court provided additional instructions regarding Columbia's duty to defend.

The jury was instructed that "[a] liability insurance company has a duty to defend its insured against all claims which fall within the coverage of the insurance policy." Accordingly, the instructions further mandated that "[a] liability insurance company must act reasonably under the circumstances to conduct a timely investigation and fair evaluation of its duty to defend." Finally, the instructions included the following directive: "Under the 'bad faith' claim, what is customarily done by those engaged in the insurance industry is evidence of whether the insurance company acted in good faith." Thus, the instructions explained, "the good faith of the insurance company is determined by the reasonableness of its conduct."

19

Based on these instructions, the jury's rejection of Appellees' bad faith claim was necessarily premised on its determination that Columbia acted reasonably in initially refusing to defend Appellees. It seems clear that the question presented to the jury, whether Columbia reasonably refused to defend Appellees, is the same question Section 39-2-1 required the trial court to address: Was Columbia's decision to deny coverage unreasonable? We see no way of reconciling the jury's finding against Appellees with the trial court's contradictory conclusion that Columbia acted unreasonably (in the same capacity) for purposes of awarding attorney fees and costs under Section 39-2-1.

The trial court provided no explanation for its finding that, for purposes of Section 39-2-1, Columbia acted unreasonably; moreover, no support for that finding is demonstrated in the record. The order itself merely states that "[f]or the limited purpose of awarding attorney[] fees, taxes and costs on the coverage issue, the [c]ourt finds that [Columbia] acted unreasonably in failing to pay the claims of [Appellees]." Our review of the record reveals that, in fact, the trial court was reluctant to make this finding. At the hearing, the trial court observed that "I just don't know if I'm prepared to say that [Columbia] acted unreasonably in failing to pay the claims. The issue went up to the Court of Appeals, and the Court of Appeals made a decision that there was coverage." Later in the hearing, upon being pressed by Appellees on the issue, the

20

trial court again said, "I'm not sure if I can insert it in there 'for purposes of paying [Appellees'] attorney[] fees, I will find that [Columbia] acted unreasonably.'" Ultimately, the trial court acquiesced and told counsel to "go ahead and do that on your form that, for purposes of attorney[] fees award only, this [c]ourt finds that Columbia . . . acted unreasonably, not for any other purpose." The trial court never made any finding of reasonableness but rather appeared to allow inclusion of the language only because "I know [Appellees] are not going to appeal, but in case [Columbia] appeals, the language is there to protect you."

Accordingly, based on the finding by the jury that Columbia acted reasonably, the trial court's reluctance to find that Columbia acted otherwise, and its finding that Columbia acted unreasonably, we hold the trial court's order was contrary to logic and, thus, an abuse of discretion. *See State v. Apodaca*, 118 N.M. 762, 770, 887 P.2d 756, 764 (1994) ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)).

Although we hold that the trial court abused its discretion by awarding fees and costs, we recognize that whether Columbia acted unreasonably under Section 39-2-1 is a distinct question from whether Columbia acted in bad faith. We limit our decision to the facts of this case and do not foreclose the possibility that circumstances might

21

exist where a trial court could find an insurer acted unreasonably under Section 39-2-1 despite a jury's finding that the insurer did not act in bad faith and that those seemingly disparate findings could be adequately explained. However, as described above, we are unable to conclude that this is one of those circumstances. Because we hold that the trial court abused its discretion, we reverse the trial court's award of attorney fees and costs under Section 39-2-1. In light of this conclusion, we need not address Columbia's arguments concerning whether Appellees' claims involved first party coverage or Columbia's further assertion that the trial court erred in awarding interest on the attorney fees awarded under Section 39-2-1.

**Issue II - Prejudgment Interest to Hinkle and Trujillo**

Columbia next asserts that the trial court abused its discretion under Section 56-8-4(B) by awarding prejudgment interest to Hinkle and Trujillo on their respective $45,000 judgments. This assertion is premised on two arguments. First, Columbia claims that Hinkle and Trujillo failed to request prejudgment interest and are thus not entitled to it. Second, because the trial court failed to provide the basis for its decision to award prejudgment interest under Section 56-8-4(B), that award was in error. We review the trial court's determinations regarding awards of prejudgment interest under Section 56-8-4 for abuse of discretion. *Bird v. State Farm Mut. Auto. Ins. Co.*, 2007-NMCA-088, ¶ 27, 142 N.M. 346, 165 P.3d 343.

Citing *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 150, 899 P.2d 576, 593 (1995), Columbia argues that because Hinkle and Trujillo never requested prejudgment interest on the jury verdict, they were not entitled to such an award. In *Gonzales*, the plaintiffs never requested prejudgment interest until after the court had entered a final judgment and the court denied the request as untimely. *Id.* That is not the case here. Although Appellees did not request prejudgment interest after trial, their third-party complaint and amended complaint contain explicit requests for prejudgment interest. Columbia has provided no authority to suggest that a party's pre-trial request for prejudgment interest precludes such an award after trial when no other request has been made. We hold that the trial court did not abuse its discretion by granting Appellees' request for prejudgment interest as set forth in their complaints.

Columbia's second argument that the award was in error because the trial court did not provide the basis for the award also fails. In *Gonzales*, our Supreme Court observed that "[u]nder Section 56-8-4(B), the trial court does not need to make specific factual findings. . . . The court's reasons for denying prejudgment interest need only be ascertainable from the record and not contrary to logic and reason." *Id.* Accordingly, we reject Columbia's contention that the award was erroneous because the trial court failed to issue findings of fact or law to support the award.

We are also unpersuaded by Columbia's parallel argument that the trial court's reasons for issuing the award were unascertainable and contrary to logic. The trial court, in determining whether prejudgment interest should be awarded, may consider whether Columbia caused unreasonable delay in adjudication of its claims and whether Columbia had previously made a timely and reasonable offer of settlement to Appellees. *See* § 56-8-4(B)(1)(2) (stating that the trial court, in determining prejudgment interest, may consider whether the plaintiff unreasonably delayed adjudication and whether the defendant made a settlement offer to the plaintiff). Columbia concedes that Section 56-8-4(B)(1)(2) is a discretionary statute designed to encourage settlement and discourage delay.

Appellees argue that Columbia delayed the case and delayed payment of fees and costs in the underlying wrongful death action. In its reply brief, Columbia's sole response is that "the record demonstrates conclusively that Columbia was not the cause of any delay in the proceedings and made a reasonable settlement offer prior to trial." Although the trial court offered only a terse explanation for its decision to award Hinkle and Trujillo prejudgment interest, we cannot say that its ruling was contrary to logic and reason.

**Issue III - Denial of Costs to Columbia**

Columbia's third and final issue on appeal is its assertion that the trial court abused its discretion when it rejected Columbia's contention that as the prevailing party it was entitled to an award of costs incurred in litigating the breach of contract, bad faith, unfair practices and Insurance Code violation claims. "The matter of assessing costs lies within the discretion of the trial court and will not be interfered with absent abuse of that discretion." *Archuleta v. Safeway Stores, Inc.*, 104 N.M. 769, 774, 727 P.2d 77, 82 (Ct. App. 1986).

The record reflects that the trial court's decision to deny Columbia its costs associated with litigating these claims resulted from the trial court's consideration that both parties prevailed on certain issues and that the award of costs should reflect this outcome. The trial court explained that "in consideration of [Appellees] partially prevailing on the issue concerning breach of contract, I'm going to forego the award of costs to Columbia . . . in the amount of the [$]26,000." The trial court then explained in its judgment that this result was also the most equitable result for the parties. The court stated, "I think that this [c]ourt is being very considerate in at least considering not awarding the costs requested from [the] defense[.]" Accordingly, we hold that the trial court did not abuse its discretion in finding that both parties partially prevailed and thus denying Columbia's request for costs. *Cf. Sunwest Bank of*

*Albuquerque v. Roderiguez*, 108 N.M. 211, 213, 770 P.2d 533, 535 (1989) (stating that a trial court abuses its discretion if its decision is arbitrary or unreasonable).

**CONCLUSION**

For the foregoing reasons, we reverse in part and affirm in part.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CELIA FOY CASTILLO, Judge**