This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DARON D. SCOTT,**

Petitioner-Appellant,

v.                                                                          **NO. 30,168**

**GADSDEN INDEPENDENT
SCHOOL DISTRICT,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
James T. Martin, District Judge**

Rodriguez Law Firm
Augustine M. Rodriguez
Albuquerque, NM

for Appellant

Cuddy & McCarthy, LLP
C. Emery Cuddy, Jr.
Y. Jun Roh
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Pursuant to the School Personnel Act, NMSA 1978, § 22-10A-24 (2003), Appellant was terminated from his position as a school teacher on the basis of moral turpitude. An independent arbitrator determined that just cause existed for Appellant's termination, and the district court affirmed. In pursuing this appeal of the district court's judgment, Appellant's attorney has repeatedly violated our Rules of Appellate Procedure and continuously ignored this Court's orders to rectify this conduct. As a result, we are unable to address the issues raised and dismiss this appeal with prejudice pursuant to Rule 12-312(D) NMRA.

**BACKGROUND**

**1.     Factual Summary and Preliminary Proceedings**

Appellant was a special education school teacher in Las Cruces. He was terminated by the Gadsden Independent School District Board of Education (the Board) pursuant to Section 22-10A-24 of the School Personnel Act, after he was arrested for and charged with extreme cruelty to animals, dogfighting, and conspiracy to commit dogfighting. The charges against Appellant were eventually dropped because the evidence was obtained as a result of an illegal search of his home, but the Board's decision to terminate Appellant was unaffected.

After Appellant was served with the Notice of Termination, he received a

hearing before the Board. The Board concluded that just cause existed for Appellant's termination. Appellant then appealed the Board's decision to an appointed independent arbitrator (the Arbitrator). The Arbitrator conducted a two day de novo evidentiary hearing at which Appellant testified and presented evidence. No official record of the arbitration hearing was made. Based upon the evidence presented, the Arbitrator issued its findings of fact, conclusions of law, and a decision affirming Appellant's termination by the Board for just cause. The Arbitrator explained that it was not precluded from considering Appellant's conduct outside the work place as evidence of turpitude merely because Appellant was not tried or convicted on the criminal charges set forth in the grand jury indictment.

Appellant appealed the Arbitrator's decision to the district court. The district court conducted a whole record review of the Arbitrator's decision pursuant to Rule 1-074(R) NMRA. The district court also granted Appellant's request to supplement the record with exhibits, including photographs of dogs and competition ribbons. Appellant claimed to the district court that these photos were previously received by the Arbitrator and entered into the evidentiary record. On appeal, however, Appellant asserts that the photographs were not included in the arbitration proceeding. Ultimately, the district court upheld the decision of the Arbitrator. Appellant filed an appeal of the district court's decision to this Court.

Appellant argues that the district court erred in affirming the Arbitrator's decision without considering evidence that his civil rights were violated in violation of the School Personnel Act. Appellant also argues that the district court should have conducted a de novo hearing to reconsider the evidence and determine whether Appellant's arbitration proceeding was in violation of the School Personnel Act or tainted by deception or fraud.

**2. Procedural Issues on Appeal**

In pursuing this appeal, Appellant's attorney (Mr. Rodriguez) has failed to comply with the Rules of Appellate Procedure. As a result, this Court has been forced to admonish Mr. Rodriguez, and the Board has been forced to file numerous motions in an effort to force Mr. Rodriguez to fulfill his obligations under the rules.

On January 22, 2010, this Court received a docketing statement in this case. The proof of service of the docketing statement failed to indicate that the district court clerk was served with the docketing statement in compliance with Rule 12-208(C) NMRA. As a result, this Court issued a letter of admonishment to Mr. Rodriguez explaining the appropriate procedure for serving the docketing statement and warning Mr. Rodriguez that we would issue an order to show cause as to why we should not impose sanctions or dismiss the appeal in the absence of further action. In response to the letter, Mr. Rodriguez served a copy of the docketing statement on the district

4

court clerk.

Once the docketing statement was properly filed, this case was placed on the summary calendar. On May 4, 2010, we issued a notice of proposed summary affirmance of the district court's decision. Apparently in response to this Court's notice of proposed summary affirmance, Appellant filed a pleading entitled "Opening Brief." This Opening Brief, which we presume to serve as Appellant's memorandum in opposition, violated Rules 12-210(D)(3) and 12-212 NMRA. It also argued a new issue not mentioned in the docketing statement, included an extensive recitation of purported facts without any references to the record, and contained seven attached exhibits.

On October 19, 2010, this Court subsequently assigned this appeal to the general calendar and issued a notice to all the parties. This notice contained a specific notation explaining the process for filing the transcript of proceedings and designating parts of the transcript in compliance with Rule 12-211 NMRA. Appellant was required to designate a transcript or file a notice of non-designation by November 8, 2010. Again, Appellant failed to timely follow the required procedure. As a result, the Board's counsel sent a letter to Mr. Rodriguez to inquire as to his intentions with regard to designating the transcript of proceedings. On December 3, 2010, after Mr. Rodriguez failed to respond to the Board's letter or otherwise designate the transcript

of proceedings, the Board filed a motion requesting this Court to order Mr. Rodriguez to comply with the appellate rules.

On December 10, 2010, in response to the Board's motion, this Court issued an order to show cause as to why we should not dismiss the appeal for failure to designate the transcript of proceedings. On December 17, 2010, Mr. Rodriguez filed with this Court, rather than the district court, his first attempt at designation of a transcript of proceedings. *See* Rule 12-211(C)(1). Mr. Rodriguez stated that it was Appellant's intent to designate the entire transcript from the district court. Appellant's designation did not provide any explanation or response to this Court's order to show cause. Because Appellant's designation was both physically and legally inadequate, this Court issued another order requiring Mr. Rodriguez to designate a transcript in full compliance with Rule 12-211(C) by January 10, 2011. This Court's order again warned Mr. Rodriguez that non-compliance would result in a dismissal of the appeal. Mr. Rodriguez responded to this Court with a second attempt to designate the record. He explained that he could not designate a transcript because the district court affirmed the arbitration decision based on the record and did not allow oral argument on the matter. This second attempt at a designation of the record was inadequate and again did not comply with Rule 12-211(C).

As a result, the Board filed a motion to dismiss. The Board cited Mr.

Rodriguez' repeated failures to comply with the rules and argued that his representation regarding the district court transcript and oral argument was factually inaccurate and misleading. The Board further argued that counsel's failure to fulfill his obligation to this Court had caused the Board considerable expense and unnecessary delay. The Board's motion to dismiss, however, contained a clerical error: it stated that district court heard oral argument on September 18, 2009, when it actually heard arguments on September 9, 2009. Because this Court found no record of the September 18, 2009 hearing, we held Appellees motion in abeyance. We explained that the "docket sheet attached [to the Board's motion to dismiss] does not state [that a] hearing was held . . . should either party prevail on these matters once [the] record is complete, panel may act accordingly." To prove both the date and substance of the hearing before the district court, the Board later designated a transcription of the hearing dated September 9, 2009.

Mr. Rodriguez then filed a brief in chief on behalf of Appellant. The brief contains numerous grammatical errors and at some points inexplicably changes font. In addition, the brief's factual recitation contains no citations to the record. The argument portion of the brief in chief does refer to three portions of the record: photographs of dogs, a veterinarian evaluation, and portions of the police report. However, it fails to explain the relevance of these citations to the arguments being

advanced by Appellant. In addition, several authorities cited by Mr. Rodriguez were off-point, taken out-of-context, or cited in a misleading manner.

The Board answered by raising Appellant's numerous procedural and rule violations and again requesting dismissal. In addition, the Board reargued that dismissal was appropriate because Mr. Rodriguez blatantly misrepresented to this Court that the district court did not conduct a hearing in relation to his appeal. The Board also explained that if this Court chose not to dismiss the appeal, we should not reach the issues raised by Appellant because they were not preserved. Finally, the Board argued against the merits of Appellant's case. Appellant failed to file a reply brief or otherwise respond to the assertions raised by the Board in its answer brief.

**DISCUSSION**

**1. The Board's Motion to Dismiss**

From the onset of this appeal, conduct by Appellant's counsel has been fraught with errors in following the Rules of Appellate Procedure. Because of these failures and consistent with Rule 12-312(D), the Board asks this Court to dismiss the appeal, or at the very least, to sanction Appellant. We recognize that dismissal is an extreme remedy under Rule 12-312(D) and this jurisdiction has a policy of liberally construing rules to allow this Court to determine the merits of causes on appeal. *Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977). However, "no party or counsel can assume

that procedural rules can be disregarded without the possibility that his case will be dismissed." *Id.* As a result, we must determine the appropriateness of dismissal on a case-by-case basis. *Id.*

In this case, the systematic rule violations by Appellant's counsel have considerably delayed resolution of this appeal and have substantively affected this Court's ability to consider Appellant's arguments. These violations have also hindered the Board's ability to effectively respond to the arguments being asserted by Appellant and defend its position. Though Mr. Rodriguez has failed to comply with numerous procedural requirements, we shall also address the substantive defects that exist in this appeal.

The rules for appellate briefing are clear: "[A]n argument which, with respect to each issue presented, shall contain . . . the contentions of the appellant . . . with citations to authorities, record proper, transcript of proceedings or exhibits relied on. . . . The argument shall set forth a specific attack on any finding, or such finding shall be deemed conclusive." Rule 12-213(A)(4) NMRA; *Truong v. Allstate Ins. Co.*, 2008-NMCA-051, ¶ 7, 143 N.M. 831, 182 P.3d 814, *rev'd on other grounds by* 2010-NMSC-009, 147 N.M. 583, 227 P.3d 73. Although they may have exceptions not applicable here, three general propositions of the law concerning appellate review are well settled. First, appropriate findings must be tendered to preserve an issue for

review. *Fenner v. Fenner*, 106 N.M. 36, 41, 738 P.2d 908, 913 (Ct. App. 1987). Second, an argument with citation to on-point authorities must be contained in the brief. *State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994). Finally, in order to obtain a reversal, an appellant must clearly point out error. *Novak v. Dow*, 82 N.M. 30, 33, 474 P.2d 712, 715 (Ct. App. 1970). None of these requirements were met in this case. This Court is unable to make a meaningful decision on the issues raised by Appellant based upon the inadequacies in the brief in chief.

Appellant's brief in chief argues only three of five posed arguments, and supports these arguments with inapplicable or out-of-context authority, unsupported factual assertions, and unhelpful record citations. We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings. *See Bintliff v. Setliff*, 75 N.M. 448, 450, 405 P.2d 931, 932 (1965) (determining that our Supreme Court will not consider the argument of the appellant's counsel due to the failure to provide specific references to the record in violation of a Supreme Court rule); *Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192 ("[W]e decline to review . . . arguments to the extent that we would have to comb the record to do so."); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ( "This [C]ourt will not search the record to find evidence to support an

appellant's claims.").

Substantively, the brief in chief fails to connect the few citations to the factual record in this case and explain their relevance to the legal authorities cited in support of an argument. *See State v. Neswood*, 2002-NMCA-081, ¶ 10, 132 N.M. 505, 51 P.3d 1159 (holding that a defendant waived his appeal on a matter when the appellate briefing contained no actual argument with regard to the application of the relevant rule to the facts of the defendant's case); *State v. Southworth*, 2002-NMCA-091, ¶ 53, 132 N.M. 615, 52 P.3d 987 (refusing to entertain an argument that provided no explanation of how the legal provisions apply to the facts presented before the court). This failure severely limited any ability of this Court and the Board to attempt to make an effective response to Appellant's arguments. Because we do not have the benefit of Appellant's thought process regarding the limited citations to the record and to out-of-context authority in his brief in chief, reaching the merits of his argument would require this Court to simply speculate about the Appellant's arguments. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that the appellate court need not consider unclear or undeveloped arguments that require the court to guess at what parties' arguments might be). As a result, Appellant counsel's failure to comply with our rules of procedure have rendered it impossible for this Court to address the arguments presented.

The matter was further complicated by counsel's misleading use of authority and assertion that Appellant was unable to designate a transcript because the district court did not allow oral argument below. While the record does not indicate that the district court allowed arguments on the merits of the Arbitrator's decision, the Board has designated a transcript in which the district court heard arguments relevant to Appellant's contentions that the district court used an erroneous standard of review in its review on appeal. Appellant's brief in chief argues that due process requires this Court to remand for a new de novo trial or arbitration because "newly available" photographs of healthy dogs "somehow" did not become part of the arbitration record or "maybe" were not allowed by the Arbitrator. However, the transcript of the September 9, 2009, hearing indicates that the district court allowed Appellant to supplement the record with these allegedly "newly acquired photographs."

Even if counsel's statements to this Court were not intentionally misleading, at the very least they show a lack of diligence and a serious failure to follow the rules of appellate procedure. For example, Mr. Rodriguez initially argued to this Court that he could not designate a transcript because no hearing was held in the district court. Appellant's brief in chief, however, includes a statement that the parties designated the district court hearings of September 9 and 18, 2009, for transcription. The record contains no transcript of a September 18 hearing, and our review of the record

indicates that the only hearing before the district court took place on September 9, 2009. Moreover, the Board has explained that its recent reference to a September 18, 2009, hearing was a typographical error. Appellant has failed to explain his recent reference to the September 9, 2009, hearing after counsel previously claimed that such a hearing never took place. Thus, we can only conclude that Mr. Rodriguez's contradictory statements regarding whether and when the parties argued before the district court resulted from a failure to familiarize himself with the factual and procedural history of this case.

Finally, we note that dismissal of this appeal should not come as a surprise to Appellant or his counsel. This Court has twice expressly warned Appellant that dismissal of the action would be a possible sanction for noncompliance with the rules. *See, e.g.*, Order Regarding Designation of Transcript, *Scott v. Gadsden Indep. Sch. Dist.*, No 30168 (Ct. App. Jan. 4, 2011); Order to Show Cause, *Scott v. Gadsden Indep. Sch. Dist.*, No. 30168 (Ct. App. Dec. 10, 2010). Despite these express warnings, Mr. Rodriguez has failed to address his misconduct, correct the previous nonconformance with the rules of this Court, or demonstrate to this Court why it should not dismiss this appeal. As such, counsel has continued to demonstrate his disregard for the authority of this Court and for his obligations in prosecuting this appeal.

This Court has now examined its docket involving other cases that Mr. Rodriguez has been recognized as counsel of record. As a result, we have determined that Mr. Rodriguez's misrepresentations and failures to comply with the rules of appellate procedure do not stand in isolation. Including the letter of admonishment and orders issued by this Court in this case, this Court has previously issued five letters of admonishment to Mr. Rodriguez and twice ordered Mr. Rodriguez to show cause for his failures to fulfill his obligations to this Court. *See, e.g.*, Admonishment Letter, *Scott v. Doña Ana Cnty.*, No. 31751 (Ct. App. Jan. 17, 2012); Order to Show Cause, *Scott v. Doña Ana Cnty.*, No. 31751 (Ct. App. Feb. 6, 2012); Admonishment Letter, *Flores v. United Food*, No. 31105 (Ct. App. May 3, 2011); Admonishment Letter, *State v. Ochoa*, No. 30789 (Ct. App. Dec. 7, 2010); Admonishment Letter, *Chile v. Ramos*, No. 24283 (Ct. App. Nov. 07, 2003). Moreover, the federal court for the district of New Mexico has similarly ordered Mr. Rodriguez to show cause on two occasions for failure to comply with a court order. *See, e.g.*, Order to Show Cause, *Villa v. Doña Ana Cnty.*, CV 09-0976 BB/WPL (D.N.M. Feb. 11, 2011), Doc. 71; Order to Show Cause, *Molina v. Albuquerque Police Dep't*, 08-cv-153 MV/LAM (D.N.M. Jan. 19, 2010), Doc. 89. In addition, motions to compel were filed in federal court and granted, in part, on at least five cases, and Mr. Rodriguez has been sanctioned at least twice. *See, e.g.*, Motion to Compel, *Molina*, 08-cv-153 MV/LAM

14

(D.N.M. Jan. 21, 2009), Doc. 53; Motion to Compel, *Montoya v. Am. Online, Inc.*, 07-cv-1078 BB/ACT (D.N.M. Dec. 16, 2008), Doc. 47; Motion to Compel, *Laidler v. Bernallilo Cnty.*, 04-CV-1183 LFG/DJS (D.N.M. Jan. 31, 2006), Doc. 30; Motion to Compel, *Velasquez v. Taylor*, 02-CV-96 JEC/ACT (D.N.M. Jan. 22, 2003), Doc. 44; Order Imposing Sanctions, *Villa*, CV 09-0976 BB/WPL (D.N.M. May 11, 2011), Doc. 94; Order Imposing Sanctions, *Villa*, CV 09-0976 BB/WPL (D.N.M. Mar. 4, 2011), Doc. 76.

Finally, on at least one occasion, a case was dismissed by the United States District Court for the District of New Mexico based upon Mr. Rodriguez's failure to comply with the Court's procedural requirements. *See, e.g.*, Memorandum Opinion and Order Adopting the Magistrate Judge's Report and Recommendation, and Denying the Plaintiffs' Motion to Stay (Doc. 134) and Motion to Set Aside Order to Show Cause (Doc. 135), *Scott v. Doña Ana Cnty. Comm'rs*, CIV 09-0797 JB/GBW (D.N.M. Mar. 31, 2011), Doc. 137 (dismissing Appellant's federal claims related to the same factual circumstances of this state court case for failure to comply with the federal court's procedural requirements). In that case, a magistrate judge held no fewer than six hearings or conferences to discuss with Mr. Rodriguez the proper procedure for filing an amended complaint and ultimately accepted a complaint from Plaintiffs that "did not blatantly violate any civil rule." Report and Recommendation

at 11, *Doña Ana Cnty. Comm'rs*, CIV 09-0797 JB/GBW (D.N.M. Mar. 10, 2011), Doc. 133. In accepting the magistrate judge's recommendation to dismiss, the district court judge explained, "[w]hile the [district c]ourt might have been more liberal in reviewing some areas of the . . . pleading, and allowed some factual claims to proceed or another opportunity to amend, the [c]ourt cannot say that the interests of justice demand more leaning over backwards for the [Appellant and his brother] by the [district c]ourt at the [d]efendants' expense." Memorandum Opinion and Order Adopting the Magistrate Judge's Report and Recommendation, and Denying the Plaintiffs' Motion to Stay (Doc. 134) and Motion to Set Aside Order to Show Cause (Doc. 135) at 4, *Doña Ana Cnty. Comm'rs*, CIV 09-0797 JB/GBW. Based on the procedural posture of the present appeal, we also agree with this determination.

Appellant's counsel has a documented history of failing to comply with procedural rules and court orders, has been advised by several courts of his numerous failures, and has failed to correct these violations. Thus, he has demonstrated a consistent pattern of violating the court's rules and orders. This continuous conduct has needlessly complicated the litigation in numerous cases and affects the level of professionalism in these proceedings. As a result, we conclude that, pursuant to Rule 12-312(D), dismissal is an appropriate sanction and resolution of the present case.

Although we dismiss this case based on the Board's motion to dismiss, a similar

16

result affirming the district court's decision would also be required based upon this Court's inability to address the Appellant's brief in chief on the merits. The Board raised numerous preservation arguments in its answer brief, and Appellant conceded these arguments when he failed to file a reply brief and respond. *State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 (noting that a defendant conceded an issue by failing to file a reply brief attacking or otherwise controverting the state's contentions); *Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (stating that the failure to respond to contentions made in an answer brief "constitutes a concession on the matter"). The Board's answer brief also contains citations to the record that reference substantial evidence in support of the findings by the Arbitrator and the district court. Accordingly, based upon the briefing presented by the parties, the district court did err when it affirmed the decision of the Arbitrator.

**CONCLUSION**

For the foregoing reasons, we grant the Board's motion to dismiss this appeal and dismiss Appellant's claims with prejudice.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

17

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**